In re Edward L. CROSTHWAIT, Jr., M.D., Debtor.

W.L. GEHRS, Jr., Plaintiff,

v.

Edward L. CROSTHWAIT, Jr., M.D., Defendant.

Bankruptcy No. 82–02873–S–11.
Adv. No. 82–2154–S.

United States Bankruptcy Court,
W.D. Missouri, S.D.

Oct. 19, 1983.

Bruce McCurry, Springfield, Mo., for plaintiff.

James H. Arneson, Stuart Bodker, Kansas City, Mo., for defendant/debtor.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

Plaintiff is a secured creditor who seeks a lift of the stay to allow him to repossess the collateral or to be adequately protected. Debtor answered by general denial, by asserting that plaintiff had adequate protection in that the value of the property far exceeded the debt and that the collateral was necessary to his effective reorganization.

At the hearing the parties appeared in person and by counsel. Evidence was heard and the matter taken under advisement.

Debtor borrowed $24,000 from plaintiff in October of 1978 giving a note and deed of trust in property in Taney County, Missouri. In January of 1980 plaintiff advanced additional sums and the note and deed of trust were modified. In June of 1980 plaintiff made another loan to debtor, taking a note and a security interest in a houseboat, medical office equipment and accounts receivable owned by debtor.

Plaintiff testified that no payments were made on these notes although he admitted, on cross examination, that one payment may have been made. There is little dispute, despite this disagreement, that debtor defaulted on these loans at the time plaintiff repossessed the houseboat in April of 1981. The houseboat was sold after a substantial passage of time.

To reach the question of whether plaintiff is entitled to relief the Court must first determine whether he is a creditor. In his objection to the claim debtor asserts that

plaintiff's failure to sell the houseboat in a commercially reasonable manner bars him from asserting any deficiency and that, therefore, plaintiff has no claim. Evidence was heard on the matter which shows that the sale occurred in August of 1982, some sixteen (16) months after repossession. The sale price was $10,000. Debtor asserts that he had inadequate notice and that the price was inadequate.

■ As was recited earlier the houseboat was security for only one of the two loans plaintiff made to debtor. Even assuming that debtor's assertions are correct, the remedy would only run to the note for which the houseboat was security. Liability on the note of June 18, 1980, therefore, is unaffected by the issues raised in the objection to the claim. Plaintiff is, therefore, a creditor.

All of the questions raised by the complaint for relief from the stay cannot be resolved, however, until the Court determines, in rough figures, the amount of plaintiff's claim. The Court must determine whether any part of the claim is barred because of the arguments made by debtor.

Section 400.9–504, R.S.Mo.1969, provides, in part, that:

"(1) A secured party after default may sell . . . or otherwise dispose of any or all of the collateral . . .

.        .        .        .        .

(3) Disposition of the collateral may be public or private proceedings . . . every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable . . . reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale . . . is to be made shall be sent by the secured party to the debtor . . ."

Section 400.9–507, R.S.Mo.1969, sets out some characteristics of a commercially reasonable sale but as the comment to Sections 400.9–504 notes, Section 400.9–507 is not definitional.

"(1) If it is established that the secured party is not proceeding in accordance with the provisions of this part disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this part . . .

(2) The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold he has sold in a commercially reasonable manner . . .".

The leading case in Missouri on notice is *Gateway Aviation, Inc., v. Cessna Aircraft Co.,* 577 S.W.2d 860 (Mo.App.1978). In that case the creditor gave notice of a public sale but did not dispose of the collateral at that sale. Thereafter the creditor disposed of the property at private sale but gave no notice of the sale. Deficiency claim was denied. Here the debtor received two notices of the proposed sale. The evidence shows that he made no response to either. He now complains that the second notice was less than seven (7) days prior to sale, as required by the loan instruments. The actual sale occurred more than seven (7) days after notice. Debtor introduced no evidence showing how this discrepancy resulted in prejudice to him. In fact from the time of repossession until these proceedings there is no evidence that debtor did anything, including finding purchasers, about repossession of the houseboat.

The Court also finds that the sale was reasonable. The evidence shows that the market was depressed and that the dealer made good faith efforts to dispose of the houseboat. The evidence also shows that the dealer who purchased then sold to another for about what the houseboat cost him, after storage and maintenance. Again the evidence shows that debtor did nothing to ensure a good price. Compare *Wirth v. Heavey*, 508 S.W.2d 263 (Mo.App.1974).

But there is no deficiency here of which the Court could have deprived plaintiff had there been an absence of a commercially reasonable sale as the houseboat was just one part of the bundle of collateral which secured the January 1980 loan. The only realistic remedy would have been to evaluate the sale price and give debtor creditor for what would have been realized if a commercially reasonable sale were held. Here, as noted above, the Court finds that the sale was proper and that the price obtained was reasonable under the circumstances shown in the evidence.

As part of the hearings on the lift of the stay evidence was introduced as to the value of farm property owned by debtor. The property is 286 acres with no significant improvements. It is partially timbered and part pasture. It is not particularly suited for crops. Two appraisers testified as to value. Their opinions were not very different, one saying $200 an acre, the other $220 an acre with a 10% variance. Debtor valued the property at $300 per acre. The Court finds that $215 an acre is a reasonable value and that the farm has a value of $61,490.00.

The Court finds that the farm is not necessary to reorganization. In fact the evidence was that debtor would propose to surrender it in lieu of debt. If it is surrendered the credit is to be given at the value found by the Court. Debtor is granted to November 1, 1983, to deed the property. If the deed has not been delivered by that date, or if plaintiff prefers to foreclose, the stay will be lifted on November 1, 1983 to allow foreclosure.

The stay is continued as to all other security. The property is necessary to an effective reorganization and plaintiff will be adequately protected by the value of the collateral and by payments to be made under the plan.

The Court directs debtor to file a Disclosure Statement and Plan no later than November 14, 1983, serving a copy on counsel for plaintiff and otherwise in accordance with Rule 2002, Rules of Bankruptcy Procedure.