In re GRAIN SERVICES, INC.

In re Thomas F. HOLLOWELL.

Bankruptcy Nos. E84–20021, E84–20020.

United States Bankruptcy Court,
N.D. Mississippi.

Dec. 12, 1984.

Phillip Dean, Wallace & Dean, Columbus, Miss., for Grain Services, Inc., and Thomas F. Hollowell.

R.M.P. Short, Sardis, Miss., for State Bank of Como.

Colmon S. Mitchell, Smith & Phillips, Batesville, Miss., for Thomas A. Florence.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration of the motion for turn over filed by the Debtor, Grain Services, Inc., hereinafter referred to as Grain Services and/or Debtor; and the objections to turn over filed by State Bank of Como, hereinafter referred to as State Bank, and Thomas Florence, Jr.; all of said parties being represented by their respective attorneys of record; and the Court having heard and considered same, finds as follows, to-wit:

### I.

In order to place this case in a proper perspective, a brief chronology of these proceedings should be recited. At the conclusion of a hearing conducted as a result of motions to abandon and lift the automatic stay which were filed in each of the above referenced cases by State Bank of Como, an Order was executed by the Court, dated May 3, 1984, which found that the Movant was adequately protected as to its security interests at that time, overruling the motions. One primary consideration for the execution of this Order was the anticipation that the Debtors would file their disclosure statements and plans of reorganization within the 120 day exclusivity period provided in 11 U.S.C. § 1121(c), which would terminate on or about June 8, 1984. Effective the date of this Opinion, the disclosure statements and plans of reorganization remain to be filed. The terms and provisions of the aforesaid Order are incorporated herein by reference the same as if fully copied in words and figures.

## II.

On June 18, 1984, this Court entered an Order and Notice in which the Debtors were to show cause why these cases should not be dismissed or converted to liquidation cases under Chapter 7 for the failure by the Debtors to timely file disclosure statements and plans of reorganization.

On June 18, 1984, Grain Services, Inc., filed a motion for a valuation hearing pursuant to 11 U.S.C. § 506(a), alleging that it intended to turn over the corporate assets to State Bank of Como, which held a first lien encumbering the assets. On the same date, Grain Services, Inc., filed a motion for an extension of time in which to file its disclosure statement and plan of reorganization, requesting that the valuation hearing be conducted prior to the time set for the filing of the disclosure statement and plan of reorganization so that the valuations so determined could be incorporated therein. On this same date, Thomas F. Hollowell, the guarantor of the corporate indebtedness of Grain Services, Inc., to State Bank of Como, filed a similar motion for an extension of time to file his disclosure statement and plan of reorganization, alleging that the requested Court evaluation of the corporate assets was also integral to the formulation of his plan. No notice of the motion for valuation or the motions for extensions of time were furnished to the attorneys representing State Bank of Como or Thomas Florence, Jr. On July 30, 1984, the date scheduled for the hearing on the Order and Notice to Show Cause, at which time the attorneys representing all parties were present before the Court, the Order and Notice to Show Cause, as well as, the several motions filed by the Debtors were discussed and considered. The attorney representing the Debtors announced to the Court that Industrial Appraisal Company of Memphis, Tennessee, had been retained to appraise the Grain Services assets, and that such appraisal would be available for review no later than August 30, 1984. The Debtors' attorney indicated that negotiations were on-going with a third party located in Dallas, Texas, for the sale of the corporate assets by Grain Services which would be consummated prior to September 14, 1984. The appraisal was being prepared as a part of this contemplated transaction. It was further represented that if the sales transaction could not be consummated, that the Debtor, Grain Services, would file a motion to turn these assets over to State Bank of Como in an amount equal to the market value of said assets as determined following an evidentiary hearing to be conducted by the Court. At the conclusion of this hearing, the Court entered an Order, which was not appealed and which has now become final, directing the Debtor, Grain Services, to file on or before August 31, 1984, either a motion for authority to sell its assets other than in the ordinary course of business with the transaction to be consummated by September 14, 1984, or in the alternative, a motion for the turn over of said assets to State Bank of Como or, if applicable, to other appropriate secured parties. The Order, dated August 8, 1984, which is incorporated herein by reference, contemplated a judicial evaluation of the corporate assets for two reasons, to-wit: (a) primarily, to determine whether the consideration received as a result of the proposed sales transaction was reasonable, and (b) in the alternative, to establish a value to be credited to the Debtors' accounts on the surrender of the collateral. Since the sales transaction did not materialize, the latter purpose has now become a critical issue in these proceedings.

On August 31, 1984, Grain Services, Inc., filed a motion to turn over to State Bank of Como its corporate assets, which included a seed cleaning plant, fixtures, and equipment, alleging that the fair market value of the assets exceeded the indebtedness owed to State Bank. The motion requested that Grain Services be permitted to convey its assets free and clear of any liens of the subordinate secured creditors, Lloyds Bank International, Ltd., (the holder of a second lien encumbering these assets) and Thomas Florence, Jr., (the holder of a third lien encumbering these assets). The net effect of the relief requested in this motion would

extinguish the liens of the two subordinate secured creditors. The motion further requested that the entire indebtedness owed to State Bank of Como be fully satisfied as a result of the surrender of the collateral, and that correspondingly, that the individual debtor, Thomas F. Hollowell, be fully released as to his individual guaranty of the corporate indebtedness. In connection with the latter request, the motion sought the cancellation of the deed of trust executed by Hollowell and his wife, Doris Jean Hollowell, which encumbered their residential properties, and which served as additional collateral or security for the corporate indebtedness. Both State Bank of Como and Thomas Florence, Jr., filed objections to the motion for turn over which were considered by the Court on November 13, 1984. The State Bank of Como objection contained a renewal of its previous request to dismiss the case or, in the alternative, to have the automatic stay lifted. From a review of the file, the Court notes that the motion for turn over was disseminated by Debtors' attorney to all creditors and parties in interest.

### III.

The first question that must be answered is whether this Court has the authority to conduct a valuation hearing prior to the surrender of collateral by a debtor to a secured creditor, the essential purpose being to determine the amount to be credited to the debtor's account. Indeed, there are many circumstances in which evaluation is appropriate, i.e., the allowance of claims pursuant to 11 U.S.C. § 506(a); the determination of plan payments pursuant to 11 U.S.C. § 1129(b)(2)(A) and § 1325(a)(4); or whether a creditor is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(b); etc. More appropriately to the facts in the instant case, where a debtor desires to surrender surplus collateral to a secured creditor with the intention of utilizing other essential collateral for an anticipated effective reorganization, an evaluation of the surrendered collateral, usually by agreement, would not appear unusual nor unreasonable. Certainly, by consent of all parties concerned, on the surrender of even all the secured property, an evaluation would not be inappropriate. However, for purposes of this proceeding, the Court does not consider that there has been a mutual consent to a valuation hearing, even though there was no appeal from the Order dated August 8, 1984, which certainly entertained this prospect.

### IV.

This Court is by statute obligated to consider the precise purpose for the valuation hearing, i.e., the proposed disposition or anticipated use of the property. See 11 U.S.C. § 506(a). More appropriately stated, the value of the property should be significantly higher if its contemplated use was an integral element of a viable "going-concern" reorganization, as opposed to the abandonment of the property to a secured creditor for subsequent forced liquidation or foreclosure.

■ This Court is of the opinion that any evaluation of the corporate assets at this time would be premature and not binding on State Bank of Como, absent its agreement, at a liquidation or foreclosure sale. Although this Court is convinced that an evaluation hearing might well be appropriate at some time in this case, the timeliness of such a hearing has not yet ripened. Even if this Court set a value, should the property bring less at a foreclosure or liquidation sale, conducted in a commercially reasonable manner, State Bank of Como could still request this Court to reconsider its claim solely because of the deficiency. See *In Re: Crosthwait*, 34 B.R. 469, (Bkrtcy.WD Mo.—1983) and *In Re: Fursman Ranch*, 38 B.R. 907, 10 C.B.C.2d 669 (Bkrtcy.WD Mo.—1984). For reasons of judicial economy, the Court declines to conduct an evaluation hearing at this time. However, should any subsequent liquidation or foreclosure sale be conducted by State Bank of Como in violation of the provisions of § 75-9-504, Mississippi Code of 1972, as amended, as to the personal property, or § 89-1-55, Mississippi Code of

1972, as amended, as to the real property, or should the issue of inadequacy of consideration arise, an evaluation hearing will be conducted by the Court on the renewed motion of the Debtors or a party in interest. The Court is well aware that the testimony taken at the hearing on the motions to lift the automatic stay has been preserved for all hearings in these cases.

## V.

Although Grain Services has indicated an intention to turn over its corporate assets to State Bank of Como, because the Court is declining to conduct a valuation hearing, the Debtor may recant this intention. Therefore, the Court must consider the renewal by State Bank of Como of its request to lift the automatic stay. The pertinent Bankruptcy Code section applicable to this proceeding is 11 U.S.C. § 362(d), which provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or—

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

An analysis of § 362(d) reveals two avenues, which are not mutually dependent, to provide relief from the automatic stay found in § 362(a). The first is for cause, including the lack of adequate protection. The second, with respect to a stay of an act against property, becomes available when there is no equity in the property *and* the property is not necessary for an effective reorganization. See *In re: Mellor*, 734 F.2d 1396 (CA 9th Cir.—1984). From the testimony before the Court, including the testimony preserved from the earlier hearing on the motions seeking relief from the automatic stay, the Court is convinced that the indebtedness owed by Grain Services, Inc., significantly exceeds the value of the corporate assets, i.e., the realty upon which the cotton seed cleaning plant facility is located, the fixtures, and the items of machinery and equipment. Since the corporate debtor has been out of business for over one year and has offered no proof that any business activities are likely to commence within the foreseeable future, there can be no dispute that the corporate assets are not needed for the effective reorganization of the corporate debtor. Consequently, as to the corporate assets, pledged to secure the indebtedness of Grain Services, Inc., to State Bank of Como, the automatic stay as provided by 11 U.S.C. § 362(a) is lifted, and State Bank of Como may proceed to enforce its legal remedies in said collateral. At the present time, the automatic stay shall remain in effect as to the collateral pledged by the individual Debtor, Thomas F. Hollowell, as security for his guaranty of the corporate indebtedness. Should a deficiency arise following a foreclosure or liquidation sale by State Bank of Como as to the corporate realty or personalty, this Court will again consider the propriety of lifting the automatic stay as to the individual Hollowell assets, as well as, if appropriately raised, will also consider the commercial reasonableness and/or the adequacy of the consideration received at the foreclosure or liquidation sale by State Bank of Como.

## VI.

The Court notes that the Debtors' exclusivity period to file disclosure statements and/or plans of reorganization has long since expired. As to the Debtors' motions to extend the exclusivity period, the Court is of the opinion that said motions are not well taken and are hereby denied.

An Order will be entered consistent with this Opinion.