**In re Bernard J. & Madelyn C. RICH-ARDSON Individually and as Richardson Farm or Richardson Farm Equipment, Debtors.**

**Bankruptcy No. 87-20303.**

United States Bankruptcy Court,
W.D. New York.

March 24, 1989.

Lucien A. Morin II, Rochester, N.Y., for debtors.

Robert S. Cooper, Rochester, N.Y., for judgment creditor.

Louis Levine, Syracuse, N.Y., for First Nat. Bank of Moravia.

Robert M. Weichert, Baldwinsville, N.Y., creditor.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This matter was brought on by the debtors' November 23, 1988 motion to have the court value the claims of certain judgment creditors and declare the judgment liens void, pursuant to § 506 of the Bankruptcy Code. 11 U.S.C. § 506. A judgment creditor, Robert Weichert, opposed the motion. A hearing was held on January 10, 1989, at which decision was reserved pending submission of a memorandum of law by the debtors. For the reasons given below, the debtors' motion is denied.

These Chapter 11 debtors own ten parcels of real estate, including a residence for which an exemption is claimed. An uncontroverted appraisal furnished by the debtors gives the aggregate value of the properties as $1,007,100. The property is subject to three mortgages totalling about $1,332,520. There are approximately 23 judgment liens against the property, totalling about $427,400, and two tax liens totalling about $79,000.

At a hearing on April 18, 1988, an earlier motion by the debtors that requested approval for a sale of one of the parcels (the "Merriam Farm") was granted subject to the debtors' obtaining the consents of the lienholders, as required by § 363(f). The debtors' instant motion states that it was brought for the purpose of completing that sale, three judgment creditors having failed to consent. Thus this § 506 motion is purportedly brought in the context of a sale of property of the bankruptcy estate. However, the condition on which the order approving the sale was granted has not been met, and consequently the sale cannot go forward. Thus the debtors' motion is not brought in the context of a sale, and no other context is suggested by the debtors.

Section 506(a) provides in pertinent part: "Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." 11 U.S.C. § 506.

■ A § 506 valuation can occur in several contexts, such as a redemption proceeding under § 722, granting relief from the automatic stay under § 362, determination of eligibility for Chapter 13, sale of assets of the bankruptcy estate under § 363, or plan confirmation under § 1129 or § 1325. That *some* context is required seems apparent from the language of the statute. Section 506(a) plainly directs the court when valuing claims to do so in recognition of and relation to the valuation's purpose. While this provision is most frequently relied upon to guide or to justify

the court's selection of a valuation method [1], the directive of the statute cannot be effected when no purpose for the valuation is present. *In re Frost,* 47 B.R. 961, 961 (D.Kan.1985) ("the focus of § 506 is ... the purpose of the valuation...."). The statute does not confer jurisdiction on a court to conduct a valuation in the absence of an expressed and valid purpose for the valuation. No valid purpose has been presented by the debtors in their motion and consequently this court holds that it has no jurisdiction to conduct the requested valuation.

■ Aside from the absence of jurisdiction to conduct a valuation in this matter, considerations of ripeness and judicial economy require that the debtors' motion be denied. A valuation made for one purpose is not *res judicata* as to a later valuation in the same case for a different purpose. *In re Ahlers,* 794 F.2d 388 (8th Cir.1986), *rev'd on other grounds,* — U.S. —, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988). The Senate Committee Report discussing § 506(a) states that:

> While courts will have to determine value on a case-by-case basis, the subsection [506(a)] makes it clear that valuation is to be determined in light of the purpose of the valuation and the proposed disposition or use of the subject property. This determination shall be made in conjunction with any hearing on such disposition or use of property or on a plan affecting the creditor's interest. To illustrate, a valuation early in the case in a proceeding under sections 361–363 *would not be binding* upon the debtor or creditor at the time of confirmation of the plan.

S.Rep. No. 95–989, 95th Cong., 2d Sess. 68 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5854 (emphasis added). An entry in the Congressional Record expands on this: "Additionally a determination of what portion of an allowed claim is secured and what portion is unsecured is *binding only for the purpose for which the determination is made.* Thus determinations for purposes of adequate protec-

---

1. *See* 3 *Collier on Bankruptcy* ¶ 506.04 (15th ed.,        1988).

tion is [sic] not binding for purposes of 'cram down' on confirmation in a case under chapter 11." 124 Cong.Rec. H11095, H11111–12 (Sept. 28, 1978) (emphasis added).

Other courts have recognized the futility of performing valuations where no purpose is served and a subsequent valuation is likely to supersede the current one. *In re Grain Services, Inc.*, 47 B.R. 35, 37 (N.D. Miss.1984) (valuation of corporate assets would be premature where secured creditor did not consent to their sale); *In re Palombo Farms of Colorado, Inc.*, 43 B.R. 709, 711 (D.Colo.1984) (where the stated purpose of valuation, surrender, is not supported by an offer of surrender in the pleadings, valuation would be futile). In the instant case, it is likely that the opposition of the judgment creditor will necessitate a valuation of the secured creditors' claims pursuant to § 1129(b)(2) when the debtors' plan is confirmed, superseding any valuation made at this time. In the absence of a genuine purpose for the valuation currently requested, a valuation of the judgment creditors' claims at this time would result in no more than an advisory opinion. In the interest of judicial economy, the debtors' motion must be denied.