**In re Dix R. TURNBOW, Debtor.**

**Bankruptcy No. 89–08926–H3–11.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Sept. 5, 1990.

Mitchell A. Seider, Sheinfeld, Maley & Kay, Houston, Tex., for debtor.

Bruce J. Ruzinsky, Jackson & Walker, Houston, Tex., for Bank One.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for hearing the Motion for Valuation of Security of Bank One filed by the Debtor. After considering the pleadings, evidence, memoranda, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law and enters a separate Judgment in accordance herewith denying Debtor's Motion. To the extent any Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such. The court takes judicial notice of the documents in the main case file which are cited below.

### I. *Findings of Fact*

1. Debtor filed his voluntary petition under Chapter 11 on December 4, 1989.

2. Bank One Texas, N.A. is a secured creditor holding a claim of approximately $325,000, secured by a lien on an 8.976 acre tract of land located in Brenham, Texas.

3. On February 26, 1990, Debtor filed his proposed Plan of Reorganization. (Docket No. 35.) The plan is essentially a plan of liquidation. A disclosure statement was filed along with the plan on February 26, 1990. (Docket No. 36.) Debtor filed the First Amended Disclosure Statement on April 24, 1990 (Docket No. 75), and the Second Amended Disclosure Statement on April 30, 1990 (Docket No. 82).

4. On June 8, 1990, the court ruled that the Internal Revenue Service ("IRS") would be permitted to file its late Proof of Claim. (Docket No. 136.)

5. The court takes judicial notice of the Proof of Claim of the IRS. The claim is large relative to the unsecured claims.

6. The disclosure statement hearing was held on April 27, 1990 and May 2, 1990. At that time, the disclosure statement was disapproved. No further disclosure statement has been filed. The plan will not be set for confirmation hearing until a disclosure statement has been approved. See 11 U.S.C. §§ 1125, 1129.

7. Debtor has stated that allowance of the IRS claim in full jeopardizes the viability of the proposed plan filed in February, 1990. (Request for Emergency Hearing on Debtor's Emergency Motion to Enforce Bar Date, filed by Debtor; Docket No. 104.)

8. On June 4, 1990, the court entered its Judgment lifting the stay as to the property. The parties stipulated to a $293,250 valuation for the purposes of Bank One's relief from stay hearings only.

9. On June 5, 1990, Debtor filed his motion for valuation of the security of Bank One. (Docket No. 131.) The Motion was heard on August 3–6, 1990.

10. At the hearing on the motion for valuation, Debtor presented an appraisal of the property showing value at $293,250. Bank One presented an appraisal showing value at $120,000.

11. No purpose for the valuation requested at Docket No. 131 was articulated other than fixing the amount of the deficiency claim of Bank One. A deficiency is anticipated by the parties following a foreclosure by Bank One.

## II. *Conclusions of Law:*

1. Value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest. 11 U.S.C. § 506(a).

2. Fixing the amount of a deficiency claim can only be given meaning in this instance through its inclusion in a confirmed plan of reorganization.

3. To be cognizable in a federal court, a suit must be definite and concrete, touching the legal relations of the parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971).

4. A § 506 valuation can occur in several contexts, such as a redemption proceeding under § 722, granting relief from the automatic stay under § 362, determination of eligibility for Chpater 13, sale of assets of the bankruptcy estate under § 363, or plan confirmation under § 1129 or § 1325. The statute does not confer jurisdiction on a court to conduct a valuation in the absence of an expressed and valid purpose for the valuation. *In re Richardson*, 97 B.R. 161 (W.D.N.Y.1989).

5. At this time there is not a viable plan of reorganization before the court. The court declines to make an advisory decision on the value of the property. The request is too far removed in time from confirmation hearings on a plan to make a value determination in a fluctuating market. The court finds it significant that the two appraisals of the value of the property differ by greater than one hundred percent.

6. In *Sandy Ridge Development Corp. v. Louisiana National Bank*, 881 F.2d 1346 (5th Cir.1989), and *In re Peerman*, 109 B.R. 718 (Bankr.W.D.Tex 1989), there was an articulated purpose for the valuation requested in a bankruptcy context. In *Sandy Ridge*, the valuation was for the purpose of plan confirmation. In *Peerman*, the valuation was for the purpose of deciding a § 362 motion.

7. Valuation should be based on the value realized by the most commercially reasonable disposition of the property under the circumstances, *In re Raylin Development*, 110 B.R. 259 (Bankr.W.D.Tex. 1989), citing *In re American Kitchen Foods*, 2 B.C.D. 715 (Bankr.D.Me.1976).

8. Commercial reasonableness imposes on the lender a duty to, in good faith, achieve a fair price, without imposing unrealistic expectations in the process. *United States v. Terrey*, 554 F.2d 685 (5th Cir. 1977).

9. If sold fairly, the purchase price is the best evidence of the fair market value of the property. *In re Two S Corp.*, 875 F.2d 240 (9th Cir.1989); *In re Walkup*, 28 B.R. 225 (Bankr.N.D.Ind.1983); *In re The Kids Stop of America*, 64 B.R. 397 (M.D.Fla.1986).

Pursuant to the foregoing Findings of Fact and Conclusions of Law, the Motion for Valuation filed by Debtor (Docket No. 131) is denied.