**In the Matter of HAMLIN'S LANDING JOINT VENTURE, Debtor(s).**

**Bankruptcy No. 87–3826–8B1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 8, 1987.

Shirley Arcuri, Tampa, Fla., for debtor.

Marsha Rydberg, Tampa, Fla., for Freedom Sav. & Loan Assoc.

## ORDER ON MOTION FOR ORDER CLARIFYING STAY AS TO NON–DEBTOR PARTIES BY FREEDOM SAVINGS AND LOAN ASSOCIATION

THOMAS E. BAYNES, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 11 case is a motion of a secured creditor, Freedom Savings and Loan Association (Freedom), seeking clarification of the automatic stay provisions of Section 362 of the Bankruptcy Code as it applies to non-debtor parties. The Court considered the motion, together with the record and arguments of counsel, and finds as follows:

On April 27, 1987, Freedom filed a state court mortgage foreclosure action styled, *Freedom Savings and Loan Association, etc., v. Hamlin's Partners, Ltd., etc., et al,* Case No. 87–5942–14, in the Circuit Court in and for Pinellas County, Florida. The Debtor, Hamlin's Landing Joint Venture (Debtor), is named as a defendant in the state court action. Several counts in the state court action seek damages for the breach of guarantee agreements against the non-debtor defendants, Hamlin's Partners, Ltd., Construction Group of Pinellas, Inc., Thomas J. Twitty, Jr., individually, and Linda T. Twitty, individually.

Thereafter, on July 15, 1987, the Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code. It is without dispute the state court action was automatically stayed as to the Debtor. However, the issue before this Court is whether the scope of the automatic stay should extend to non-debtor guarantors of the Debtor's obligation to Freedom. Section 362(a) provides:

... a petition filed under Section 301 ... of this title ... operates as a stay ... of:

(1) the commencement or continuation ... of a judicial [action] ... against the debtor that was or could have been commenced before the commencement of the case under this Title, or to recover a claim against the debtor that arose before the commencement of the case under this Title; ...

Section 362(a)(1) pertaining to automatic stay is generally available to protect only the Debtor and not non-debtor co-defendants. *In the Matter of S.I. Acquisition, Inc.,* 817 F.2d 1142, 1147 (5th Cir.1987). However, this Court is not oblivious to the line of decisions extending the stay to non-debtor co-defendants. The Debtor has relied on *Robins Co., Inc. v. Piccinin,* 788 F.2d 994 (4th Cir.1986). *Robins* is clearly distinguishable from the situation encountered by Hamlin's guarantors.

In *Robins,* the Debtor, A.H. Robins, and its products liability carrier were faced with countless lawsuits arising out of the sale and use of the Dalkon Shield device manufactured by the Debtor. The Fourth Circuit Court of Appeals held the automatic stay provisions of Section 362 extend to suits against liability carriers. The Court based its decision on a determination that the liability insurance contract was property of the estate and the extension of the stay assisted the debtor's efforts of rehabilitation. In *Robins,* the liability insurance carrier arguably shielded the debtor from substantial products liability claims which would have hindered the debtor's chances of effective reorganization. *Robins* at 1001.

In order to extend the stay to non-debtor guarantors, under the *Robins* decision, it would have to be shown that the automatic stay extends to the guarantee agreements. Section 362(a)(3) protects against the following:

any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

A guarantee agreement must be determined to be property of the estate before protection under Section 362(a)(3) would be available.

The term "property of the estate" is defined by Section 541 of the Bankruptcy Code as "all legal or equitable interests of the debtor in property as of the commence-

ment of the case." The Fourth Circuit Court of Appeals in *Robins* noted the weight of authority holds insurance policies to be property of the estate. *Robins* at 1001. However, an insurance policy is a valuable asset of the debtor's estate only when it is shown to be necessary for effective reorganization such as shielding the debtor from substantial products liability claims as in *Robins. Robins* at 1001. In order for guarantee agreements to be considered property of the estate, they would have to be available to either maintain the debtor's current operating expenses or to fund the plan of reorganization. Conversely, their absence would have to frustrate reorganization. If a creditor sought to obtain a judgment against the non-debtor guarantor, then there would have to be a showing that the guarantor's assets were available to assist in the Debtor reorganization. Even more broadly, if the reorganization is frustrated, a stay under Section 105 may be utilized to protect the effect of a guarantee agreement requirements on codebtors. See *In Re Otero Mills, Inc.*, 21 B.R. 777 (Bankr.N.M.1982); cf. *In re Metal Center, Inc.*, 31 B.R. 458 (Bankr.D.Conn. 1983). Even then there are unanswered questions as to the rights of guarantors against debtors, which may not be the same as between an insurance company and its insured. 11 U.S.C., Section 509; 11 U.S.C., Section 502.

The Debtor cites *In re Otero Mills, Inc.*, supra, and *In re Lahman Manufacturing Co., Inc.*, 33 B.R. 681 (Bankr.S.D.1983) in support of its argument that the automatic stay extends its protection to non-debtor guarantors of the principal debtor. However, these cases relate solely to the bankruptcy court's power under Section 105 to enjoin suits against non-debtor guarantors. These decisions expand on the criteria suggested above because the stay envisioned is within Section 105 relating to injunction, rather than Section 362. *Lahman Manufacturing Co., Inc.*, supra. While this Court's ruling in no way precludes the Debtor from seeking injunctive relief under Section 105, or Freedom's use of a complaint for a declaratory judgment, Freedom's Motion for Clarification as to Section

362(a), applicability to co-debtor guarantors, appears to be a request for an advisory opinion. Such an opinion is not constitutionally permissible. *Preiser v. Newkirk*, 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975); *In the Matter of Chicago, Rock Island and Pac. R.R.*, 772 F.2d 299 (7th Cir.1985); *In re Burckardt*, 8 B.R. 327 (Bankr.P.R.1980); *Davis v. Central Bank*, 23 B.R. 773 (Bankr. 9th Cir.1982). Notwithstanding the fact that this Court may have to revisit this question in future dealings with this case, the motion of Freedom is an inappropriate vehicle to raise the questions presented. See *In Re Burckardt*, supra.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Order Clarifying Stay filed by Freedom Savings & Loan Association be, and the same is hereby, denied.