## In re the POINT RESTAURANT AND OYSTER BAR, Debtor.

**Bankruptcy No. 87–04466.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

May 13, 1988.

Michael A. Dessommes, Pensacola, Fla., for debtor.

Philip A. Bates, Pensacola, Fla., for Tax Collector.

### ORDER SUSTAINING DEBTOR'S OBJECTION TO CLAIM

LEWIS M. KILLIAN, JR.,
Bankruptcy Judge.

THIS MATTER came on to be heard upon the debtor's objection to the Escambia County Tax Collector's claim that the debtor's 1987 ad valorem taxes should be treated as administrative expenses under Section 503(b)(1)(B)(i) of the Bankruptcy Code. The debtor contends that the taxes are seventh priority expenses under Section 507(a)(7) of the Bankruptcy Code rather than first priority administrative expenses.

The facts as stipulated to by the parties are as follows: Tangible personal property taxes are assessed as of January 1 of the year for which the tax is payable. Thus the taxes for 1987 were assessed on January 1, 1987. The debtor filed a voluntary petition on August 18, 1987. On September 28, 1987, the Escambia County Tax Collector (hereinafter, Tax Collector) filed a proof of claim in which a then undetermined amount for tangible property taxes for the 1987 tax year were claimed. On November 2, 1987, the tangible personal property assessment roll was certified to the Tax Collector. The tangible property tax notice was mailed to taxpayers on or after November 2, 1987. On December 14, 1987, the Tax Collector filed an administrative claim for these ad valorem taxes in the sum of $1,117.30. The Tax Collector claimed that to the extent such taxes are considered to be assessed *after* the date of bankruptcy, they should be treated as an administrative expense under § 503(b)(1)(B)(i) of the Code.

Section 503(b)(1)(B)(i) of the Code states:
(b) After notice and hearing, there shall be allowed administrative expenses, other than claims allowed under § 502(f) of this title, including—
(1)(B) any tax—
(i) incurred by the estate, except of a kind specified in § 507(a)(7) of this title . . .

Section 507(a)(7) of the Code states:
(a) The following expenses and claims have priority in the following order:
(1) First, administrative expenses allowed under § 503(b) of this title . . .
(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—
. . . (B) A property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition.

The parties hereto consent that if the ad valorem taxes at issue here are deemed by this Court to be "assessed" on January 1 of the year, then the ad valorem taxes in this case clearly fit within the provision of § 507(a)(7). They would be property taxes assessed before the commencement of the case and last payable after one year before the date of the filing of the petition because the taxes for the calendar year 1987 are not due until November 1, 1987, and are not delinquent until April 1, 1988. However, it is the Tax Collector's contention that a tax is not really "assessed" until it is incurred by the taxpayer, and that this does not happen until it is due and payable. Specifically, the Tax Collector argues that in Florida, the only "assessment" made on January 1 is with respect to the value of

the property which is to be taxed, as opposed to an assessment of the actual tax. He asserts that the amount of the tax due is determined when the millages are determined and the tax bill computed, in September and October, and that the tax bill is mailed even later, in November. It is therefore the Tax Collector's contention that the ad valorem tax for 1987 was assessed after the bankruptcy petition was filed in August, and should thus be treated as a post-petition expense incident to the operation of the business of the Chapter 11 debtor-in-possession, and not within the provisions of § 507(a)(7)(B).

The debtor-in-possession disputes the Tax Collector's analysis of when the tax was "assessed" and contends that the tax is a pre-petition debt which is entitled to a seventh priority, not an administrative expense priority of the estate. In support thereof, the debtor summarizes the Florida taxing procedure as follows: Property is assessed as of the first day of January of the taxable year as per § 192.042 of the Florida Statutes. Under Florida law, a lien for ad valorem taxes on the property subject to said taxes is created and effective as of January 1st, the same day the property is assessed. Florida Statutes § 192.053. The debtor then defines levy as the "imposition of a tax stated in terms of millages *against all appropriately located property* by a governmental body authorized by law to impose ad valorem taxes. [emphasis supplied]." Reciting Florida Statute § 197.122:

> all taxes imposed pursuant to the State Constitution and laws of this state shall be a first lien, superior to all other liens on any property against which the taxes have been assessed and shall continue in full force from January 1st of the year the taxes were levied until discharged by payment or until barred under chapter 95.

The debtor thus argues that the indebtedness is incurred as of January 1st of that tax year, and that the actual liability for taxes is retroactive from the date of billing to January 1st.

Upon a review of the applicable statutes and case law authority on this issue, this Court concurs with the analysis of the debtor-in-possession herein. As stated in the debtor's memoranda, "we are dealing with 1987 taxes, which were already a lien upon the taxed property as of the prior January 1st, 1987. Although under the Florida scheme the word "assessment" often refers to assessment of the value of the property, § 192.053 makes it clear that in view of the date of the applicability of the tax lien, January 1st, the taxes themselves are assessed as of January 1st, although notice of the amount due is not be (sic) forwarded until after January 1st." The specific property involved herein came into the debtor estate already subject to the tax. The claim for payment and enforcement of the lien is against the property, not a personal action against the debtor estate. (See Florida Statutes § 197.413; *Faber, Coe & Gregg of Florida, Inc., v. Wright,* 178 So.2d 51 (Fla.App.1965)). Thus it is not an expense of the debtor incurred in the administration of the within estate. It is accordingly,

ORDERED AND ADJUDGED that the debtor-in-possession's objection to the Escambia County Tax Collector's claim for an administrative expense priority for the 1987 ad valorem taxes be, and it hereby is, sustained.