176 B.R. 315 (1994)
In re R.H. MACY & CO., INC., et al., Debtors.
The CITY OF NEW YORK, DEPARTMENT OF FINANCE, Appellant and Cross-Appellee,
v.
R.H. MACY & CO., INC., et al., Appellees and Cross-Appellants.
Nos. 94 Civ. 2521 (LMM), 94 Civ. 3986 (LMM).
United States District Court, S.D. New York.
December 13, 1994.
Karel Sue Karpe, Paul Crotty, Corp. Counsel of New York City, New York City, for New York City Dept. of Finance.
Richard P. Krasnow, Weil Gotshal & Manges, New York City, for R.H. Macy & Co., Inc.

MEMORANDUM AND ORDER
McKENNA, District Judge.
On December 4, 1992, The City of New York, Department of Finance ("the City"), moved the Bankruptcy Court for an order, pursuant to 11 U.S.C. § 503 (1993) and 28 U.S.C. §§ 959, 960 (1993), compelling R.H. Macy & Co., Inc., et al. ("Macy's") to pay post-petition real property taxes, water and sewer charges, related charges and statutory interest on certain properties they owned. On January 15, 1993, the Bankruptcy Court, relying on In re Parr Meadows Racing Ass'n, 880 F.2d 1540 (2d Cir.1989) ("Parr Meadows"), cert. denied, 493 U.S. 1058, 110 S.Ct. 869, 107 L.Ed.2d 953 (1990), denied the City's motion on the ground that the claim was pre-petition and therefore not entitled to administrative expense priority under § 503.
*316 On appeal, this Court reversed, finding neither policy arguments nor statutory support requiring the application of Parr Meadows to the instant claim. In re R.H. Macy & Co., 157 B.R. 548, 552-53 (S.D.N.Y.1993). The Court determined that the City's pre-petition interest had not "matured" or become an "enforceable obligation" until after the petition dates of January 27 and 31, 1992. Id. at 553-54.
On remand, the Bankruptcy Court held that the City's claim, although post-petition, was not entitled to administrative claim treatment under § 503 because it was, pursuant to § 506(a) of the Bankruptcy Code, a secured claim. (Jan. 18, 1994 Hr'g at 36, attached as Ex. T to Appellant's R. on Appeal ("Jan. 18 Hr'g").)
On February 16, 1994, the City appealed from the final order of the Bankruptcy Court denying its request for an order compelling payment. Macy's cross-appealed on related matters. For the reasons set forth below, this Court reverses the order of the Bankruptcy Court as it concerns the entitlement to administrative claim treatment. This determination renders it unnecessary to address the issues raised on cross-appeal at this time.

I. Issues Presented on Appeal
The City presents two issues for the Court's consideration: (1) did the Bankruptcy Court err in holding that the real property taxes and related charges that became due and payable post-petition, could not, by virtue of being secured, qualify as an expense of administration pursuant to § 503 of Title 11; and (2) did the Bankruptcy Court err in failing to hold that the real property taxes and related charges that became due and payable post-petition are the type of obligation, set forth in 28 U.S.C. §§ 959, 960 that a debtor-in-possession must satisfy in the normal course of conducting its business.

II. Standard of Appellate Review
Rule 8013 of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. (1984), provides that the Bankruptcy Court's findings of fact should not be set aside unless they are found to be "clearly" erroneous. In re Fugazy Express, Inc., 124 B.R. 426, 430 (S.D.N.Y. 1991), appeal dismissed, 982 F.2d 769 (2d Cir.1992). Conclusions of law, on the other hand, are to be reviewed de novo. See, e.g., In re Chateaugay Corp., 130 B.R. 162, 164 (S.D.N.Y.1991). Each issue presented on the City's appeal and Macy's cross-appeal raises issues of pure statutory interpretation, and are therefore questions of law.

III. Secured Claims as Administrative Expenses
The allowance of administrative expenses is governed by 11 U.S.C. § 503. Section 503(b) states, in relevant part:
After notice and a hearing, there shall be allowed, administrative expenses . . . including 
(1)(B) any tax
(i) incurred by the estate, except a tax of a kind specified in section 507(a)(7) of this title.
Section 507(a)(7), in turn, refers to:
[A]llowed unsecured claims of governmental units, only to the extent that such claims are for
. . . . .
(B) a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition.
Taken in conjunction, the plain meaning of these sections is that taxes incurred by an estate are entitled to administrative expense treatment, unless they are unsecured property taxes assessed before the commencement of the case. In other words, secured property taxes qualify as administrative expenses. One consequence of such characterization is that § 507(a)(1) specifies that administrative expenses receive first priority in distribution.
In the January 18 hearing on remand, the Bankruptcy Court performed an identical analysis of §§ 503 and 507, applying the two-prong test described in In re OPM Leasing Servs., Inc., 68 B.R. 979, 982 (Bankr.S.D.N.Y. 1987). The first prong requires that the tax be incurred by the estate, and the second requires that the tax must not be specified in § 507(a)(7). The Bankruptcy Court found, in *317 agreement with this Court's previous determination, 157 B.R. at 553, that the tax was clearly incurred by Macy's estates. (Jan. 18 Hr'g at 33.)
In analyzing the second prong of the test, the Bankruptcy Court considered the question of whether the City's tax claim was secured or unsecured. The Court looked to § 506(a) of the Bankruptcy Code, which states in part:
(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property.
The Bankruptcy Court found that the City had a statutory lien on the affected real estate, pursuant to New York City Charter § 1519(2) and 11 U.S.C. § 101(53) (1993), and that the perfection of the lien, during the post-petition period, was not in violation of the Automatic Stay. (Jan. 18 Hr'g at 36.) The Bankruptcy Court concluded that the City's claim was a secured one.
While this would appear to resolve the statutory analysis in the City's favor, the Bankruptcy Court next observed that:
"Even a cursory analysis of the entire Section 503 leaves no doubt that all claims recognized under this section are unsecured claims incurred by the estate after commencement of a case. There is no evidence to assume that Congress ever intended to include secured claims within the scope of Section 503."
Id. (quoting In re Florida Engineered Construction Corp., 157 B.R. 698, 700 (Bankr. M.D.Fla.1993)).
This Court finds no binding authority supporting Macy's position that all claims under § 503 must be unsecured. The statutory language and the accompanying "Revision Notes and Legislative Reports" do not suggest any such limitation. Furthermore, § 507, which assigns priorities of distribution to eight classes of claims, prefaces its description of each class, except for administrative expenses, with the word "unsecured." Had Congress sought to create the limitation found by the Bankruptcy Court, it clearly knew how to do so. See Colliers on Bankruptcy 503-35 to -36 (King ed. 1993) (citing In re Friendship College, Inc., 737 F.2d 430 (4th Cir.1984)) ("Congress did not mean . . . to deny administrative expense status to a tax claim incurred by the trustee as the result of his operation of the business.").
The Court, which presumes that "a legislature says in a statute what it means," Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992), finds that the Bankruptcy Court erred in negating the result of the two-prong analysis under §§ 503(b)(1)(B)(i) and 507(a)(7) with its separate analysis of § 503 in isolation. The City's claim is therefore entitled to treatment as an administrative expense.

IV. Satisfaction of Tax Liability under § 960
Section 1108 of the Bankruptcy Code permits debtors to operate their businesses as a matter of course. An attendant obligation is the payment of ordinary operating expenses. The City argued below, and again on this appeal, that Macy's tax obligation is such an expense. 28 U.S.C. § 960 states:
Any officers and agents conducting any business under authority of a United States court shall be subject to such federal, state and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation.
The Bankruptcy Court failed to address the City's argument in its previous deliberations.
The rationale generally forwarded for the obligation of a debtor-in-possession to pay taxes is that the debtor is neither entitled to a tax-benefit relative to competing nonbankrupt businesses, nor may it fund its reorganization by a "loan" from the government. In re Gould & Eberhardt Gear Machinery Corp., 80 B.R. 614 (D.Mass.1987), appeal dismissed, 852 F.2d 26 (1st Cir.1988).
As the Court noted in its earlier opinion, "[i]t is difficult to imagine a businessperson who would not regard such taxes as `incident' to the carrying on of his or her business." 157 B.R. at 553. However, as the Court also noted, "§ 960 speaks of `taxes applicable to [a] business,' which may not apply to real *318 property taxes, which are payable without regard to the use to which the property is put." Id. at 553 n. 7. The Court therefore disagrees with the City's contention that a "plain language" reading of § 960 unambiguously supports its position.
The parties have not brought any relevant caselaw to the Court's attention, nor have they fully briefed this issue. Having determined that the City's claim is entitled to administrative expense status, the Court need not, and does not, determine the applicability of § 960 to the City's claim on this appeal.

V. Issues Presented on Cross-Appeal
On remand, the Bankruptcy Court concluded:
In light of the foregoing, this Court holds that the City holds a perfected lien for the fiscal year commencing July 1, 1992. Should it be determined that there is insufficient collateral to satisfy this lien, the deficiency would then qualify as an unsecured postpetition administrative expense pursuant to 11 U.S.C. 503(b)(1)(B)(i) and 507(a).
(Jan. 18 Hr'g at 36.) Macy's objects both to the characterization and the proposed treatment of any potential deficiency. It presents two questions on its cross-appeal: (1) did the Bankruptcy Court err in holding that real property tax obligations with a pre-chapter 11 "tax status" date constitute a post-petition secured claim; and (2) did the Bankruptcy Court err in holding that a deficiency claim for payment of real property taxes secured by a lien against the Debtor's real property is entitled to administrative expense priority to the extent that the real property tax claim exceeds the value of said real property?
The resolution of these questions involves complex issues which have not been fully briefed by the parties. However, having determined that the City's claim is entitled to administrative expense status, the Court finds the possibility of a deficiency sufficiently remote that these contingent questions, which may never arise, need not be decided now.

VI. Conclusions
The ruling of the Bankruptcy Court that the City's claim was not entitled to administrative expense status is reversed. The case is remanded for further proceedings consistent with this opinion.
SO ORDERED.