**In re MOLTECH POWER SYSTEMS, INC., Debtor.**

**No.  01–00335–GVL1.**

United States Bankruptcy Court, N.D. Florida, Gainesville Division.

June 11, 2003.

Lisa Cohen, Esq., Gainesville, FL, for Alachua County.

Stephen R. Leslie, Esq., Russell M. Blain, Esq., Tampa, FL, for Debtor.

## ORDER GRANTING TAX COLLECTOR'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

**THIS MATTER** came before the Court on Motion by the Alachua County Tax Collector, a creditor, seeking an allowance of an administrative expense claim for 2002 ad valorem real estate and tangible personal property taxes. The Debtor, Moltech Power Systems, Inc., opposed the Motion. A hearing was held on January 9, 2003. For the reasons stated below, The Alachua County Tax Collector's Motion for Allowance of Administrative Expense Claim will be GRANTED. This is a Core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B).

The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 22, 2001, and continues to operate as the Debtor in Possession. At the date of filing, the Debtor owned two parcels of real property as well as tangible personal property located on one of the parcels. The land and tangible property are a part of the Debtor's battery manufacturing facility in Alachua County, Florida. The Debtor owes real estate and tangible personal property taxes for the above property for the 2002 tax year.

The Alachua County Tax Collector (Tax Collector) is seeking an administrative expense claim for the post-petition 2002 real and personal property taxes pursuant to

11 U.S.C. § 503(b)(1)(A) and (B) and by doing so achieve a first priority under § 507(a)(1)[1]. The Debtor argues that the Tax Collector is not entitled to an allowance as an administrative expense. First, the Debtor contends that ad valorem property taxes against real estate and personal property are secured by first-lien positions against the property and are therefore secured claims entitled to treatment under § 506(a) and thus being so cannot achieve administrative expense status. Further, these secured claims merit treatment under the Debtor's plan of reorganization under §§ 1129(a)(7)(A)(ii) and 1129(b)(2)(A). Additionally, the Debtor's ad valorem tax obligations are not allowable administrative expenses under § 503(b)(1) of the Bankruptcy Code because administrative expense claims are solely for unsecured claims.

11 U.S.C. § 503(b)(1)(B) states:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including–

(1)(B) any tax–

(i) incurred by the estate, except a tax of a kind specified in section 507(a)(8) of this title...

▪ In support of its position, the Debtor cites to *In re Florida Engineered Construction Products, Corp.*, 157 B.R. 698 (Bankr.M.D.Fla.1993). That case dealt with the issue of whether or not property taxes accruing during the tax year when the petition was filed could be an administrative expense. There, the Chapter 11 debtor filed in August of 1991 and taxes were assessed in November of 1991[2]. The tax collector argued that the

---

1. The Tax Collector also seeks to include as an administrative expense, the accrued interest at a statutory rate of 18% interest and a 3% mandatory charge as so provided in Fla. Stat. §§ 197.172(4) and (1) respectively. At the Hearing, the parties agreed they had to meet to determine a sum certain tax amount.

2. *Florida Engineered* states that the debtor's taxes were assessed in November of 1991, in

taxes which accrued during 1991 should be recognized as cost of administration under § 503(b)(1)(B). The court first looked at the character of ad valorem taxes under these facts and held that the tax collector's claim is a secured claim. *Id.* at 700. That being determined, the court asked whether a secured claim can be allowed as an administrative expense under § 503. The court interpreted § 503 to encompass only unsecured claims. *Id.* Therefore, the property taxes that were incurred by the debtor *pre-petition,* but incurred by the estate after the commencement of the case were not entitled to be an administrative expense. *Id. (emphasis added).* However, not only can *Florida Engineered* be distinguished, but a closer reading makes a case for the Alachua County Tax Collector.

First, this case does not deal with pre-petition taxes. Here, the Debtor filed on May 22, 2001, and the Tax Collector seeks taxes for the calendar year of 2002, not before or during the year the debtor filed. Second, in arriving at its holding, *Florida Engineered,* makes a distinction between pre-petition and post-petition ad valorem property taxes in relation to a Chapter 11 debtor in possession. That court states that § 503(b)(1)(B)(i) "accords administrative claim status for taxes incurred by the estate after commencement of the case, other than unsecured claims for taxes specified in § 507(a)(7), i.e., pre-petition taxes." Further, in arriving at its holding, *Florida Engineered* relies on the analysis used in *In re Carlisle Court, Inc.,* 36 B.R. 209 (Bankr.D.C.1983). In brief, the *Carlisle* court determined that post-petition property taxes, assessed post-petition and incurred by the estate after commencement of the case are not secured claims and can receive administrative expenses

status entitled to first priority under § 507(a)(1). *Florida Engineered,* at 700; citing *Carlisle Court,* at 218; *see also 1819, Ltd. v. Florida Dept. of Revenue,* 154 B.R. 364 (Bankr.S.D.Fla.1993)(revisiting earlier holding that stated, pursuant to § 503(b)(1)(B)(i), post-petition property taxes are administrative expenses of the estate payable in full on or before the effective date of the Chapter 11 plan).

Other courts use a two-prong test to determine if an expense can be classified as an administrative expense. *In re R.H. Macy & Co., Inc.,* 176 B.R. 315 (S.D.N.Y.1994)(District Court reverses Bankruptcy Court and finds the city's post-petition property tax claim, even though a secured claim, is entitled to administrative expense treatment) citing *In re OPM Leasing Servs., Inc.,* 68 B.R. 979, 982 (Bankr.S.D.N.Y.1987). First, the tax must be incurred by the estate. Second, the tax must not be specified in § 507(a)(8) i.e. be unsecured and assessed before the commencement of the case. Here, the facts reveal that the Alachua County taxes were incurred by the estate and are not the type specified in § 507(a)(8). Under this test, the taxes at issue are entitled to treatment as an administrative expense under § 503(b)(1)(B).

The Debtor also supports is position with this Court's earlier ruling in *In re Point Restaurant and Oyster Bar,* 86 B.R. 252 (Bankr.N.D.Fla.1988). However, that case does not apply because there the taxes were assessed pre-petition, and the specific property involved came into the debtor's estate already subject to the tax. *Id.* at 254. Thus, the holding that the taxes were not an expense of the debtor that was incurred in the administration of the estate was limited to the specific facts surrounding that case.

truth, however, pursuant to § 192.042 of the Florida Statutes, they were assessed (in-

curred) in January 1, 1991, and actually became payable in November of 1991.

In conclusion, after reviewing the facts, the evidence and case law submitted at the hearing, as well as the argument of the parties, and being fully advised in the premises, I hold that the Alachua County Tax Collector does hold an administrative expense claim, pursuant to 11 U.S.C. § 503(b)(1)(B), for the 2002 ad valorem real estate and tangible personal property taxes owed. Actual dollar amounts are to be determined at a subsequent hearing.

Therefore, it is

ORDERED AND ADJUDGED that the Alachua County Tax Collector's Motion for Allowance of an Administrative Expense Claim for 2002 taxes is hereby GRANTED.