**In re INN ON THE BAY, LTD., Debtor.**

**1819, LTD., a Florida limited partnership, Plaintiff,**

**v.**

**FLORIDA DEPARTMENT OF REVENUE; and Dade County Tax Collector, Defendants.**

**Bankruptcy No. 87–03782–BKC–AJC.**
**Adv. No. 93–0050–BKC–AJC–A.**

United States Bankruptcy Court,
S.D. Florida.

April 16, 1993.

Harold D. Moorefield, Jr., Theodore A. Jewell, Miami, FL, for 1819, Ltd, plaintiff.

Daniel A. Weiss, Asst. County Atty., Miami, FL, for Dade County.

## MEMORANDUM OPINION AND ORDER

A. JAY CRISTOL, Bankruptcy Judge.

The matter under consideration is a Motion for Judgment on the Pleadings filed by the Defendant-taxing authorities, the State of Florida Department of Revenue and the Dade County Tax Collector. The motion seeks dismissal of this adversary proceeding. The adversary complaint, brought by the assignee of the first mortgagee in the underlying Chapter 11 proceeding, seeks a declaration that post-petition ad valorem real and personal property taxes are not secured by liens against the mortgaged property which constitutes the principal asset of the estate.

## STANDARD FOR DECIDING MOTION FOR JUDGMENT ON THE PLEADINGS

A motion for judgment on the pleadings is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice. Wright & Miller, Federal Practice and Procedure: Civil 2d § 1367 (1990). The motion for judgment on the pleadings admits all facts well pleaded by the non-moving party, but does not admit conclusions of law. *Id.* § 1368. This Court has entertained Defendants' Motion for Judgment on the Pleadings herein under the foregoing standard.

## STATEMENT OF FACTS

For purposes of resolving a motion for judgment on the pleadings, all well-pleaded factual allegations of the complaint are deemed to be true. The Debtor (Inn On The Bay, Ltd.) filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 20, 1987. One of the assets of the Debtor–In–Possession is certain real property located in the municipality of North Bay Village, Dade County, Florida ("subject realty"). Since filing its voluntary petition, the Debtor–In–Possession has continued to operate the subject realty as a hotel.

After the filing of the bankruptcy petition, the following proceedings have transpired with respect to the 1988 through 1992 post-petition ad valorem real and tangible personal property taxes, the lien status of which the Plaintiff seeks to contest herein.

(a) In *Inn On The Bay, Ltd. v. Joel Robbins, Dade County Property Appraiser; Fred M. Ganz, Dade County Tax Collector; and Katie Tucker, Executive Director of the Department of Revenue of the State of Florida,* Case No. 89–41980 CA 01 (Fla. 11th Cir.Ct.), the Debtor challenged in state court the 1988 tax assessment of the subject property. This Court authorized retention of special tax counsel, expenditure of funds to file and prosecute the action, settlement of the action resulting in reduction of preliminary assessment, and payment of special counsel as an administrative expense of the estate.

(b) On January 20, 1990, upon an evidentiary hearing ordered by the Court, this Court entered an "Order on Tax Collector's Application for Payment of Administrative Taxes," inter alia confirming administrative expense status, pursuant to section 503(b)(1)(B)(i) of the Bankruptcy Code, of both the real and tangible personal property taxes with respect to the subject property and ordering prompt payment thereof. When the Debtor failed to comply with the aforestated provisions of the order, this Court upon motion and after hearing entered an "Order Granting the Dade County Tax Collector's Applications for Reimbursement of Administrative Expenses and Motions to Compel Payment Thereof." This order reconfirmed the administrative status of the subject ad valorem real and personal property taxes and compelled payment of such taxes by a date certain. None of the court orders confirming and reconfirming the status of post-petition property taxes as administrative expenses has been appealed.

(c) When the Debtor failed to pay the administrative property taxes as ordered by the Court, the Dade County Tax Collector filed and called up for hearing a motion to dismiss the bankruptcy or convert to Chapter 7. Upon the Court's comment that confirmation of the plan was "hopefully, on the verge of coming to fruition," and assurances in open court from Debtor's counsel that the mandate of section 1129(a)(9)(A) of the Bankruptcy Code that the post-petition administrative property taxes would be paid in full no later than the effective date of the plan, the Tax Collector accepted the Court's invitation to withdraw his motion to dismiss or convert.

At present, the Debtor's fifth amended disclosure statement has been filed in the parent case, and disclosure and confirmation hearings have been set by court order. It is in this procedural context that the Plaintiff herein, assignee of the first mortgagee of the subject property, has filed its adversary complaint. In this adversary proceeding, the Plaintiff seeks a judgment finding, inter alia, that the post-petition ad valorem real and tangible personal property taxes for the years 1988 through 1992 are not secured by liens, and that the lien of the mortgage assigned to the Plaintiff is superior in priority to any claim asserted by the Defendant-taxing authorities against the subject property for the aforementioned post-petition property taxes.

## CONTENTIONS OF THE PARTIES

By Motion for Judgment on the Pleadings, the Defendant-taxing authorities seek dismissal of the adversary complaint and the cause. The motion raises the various legal and equitable doctrines set forth defensively in Defendants' Answer and essentially argues that this Court has previously adjudicated the administrative status of the property taxes in question and that the adversary complaint constitutes an impermissible collateral attack on the unappealed court orders. The Plaintiff has filed no reply or avoidance of the grounds raised in the motion, but argues that as a matter of law post-petition ad valorem taxes do not become liens against the taxed property in the absence of court-ordered relief from the automatic stay and observance of measures prescribed by state statute for perfection of tax liens.

## ISSUE

The issue for this Court to resolve on the Motion for Judgment on the Pleadings is *not* the ultimate issue presented by the complaint regarding the lien status vel non of the post-petition ad valorem taxes on the subject property. Instead, the issue is whether by virtue of threshold considerations this adversary case is barred, and

the Defendant-taxing authorities thereby entitled to an order dismissing the complaint and the cause.

## DISCUSSION

■ The Plaintiff asserts that jurisdiction over the adversary complaint is conferred inter alia by 28 U.S.C. § 1334(b). That statute confers jurisdiction of all civil proceedings "arising under title 11, or arising in or related to cases under title 11." A controversy the resolution of which may have only speculative, indirect or incidental effect on the estate is unrelated to the bankruptcy case for purposes of determining whether an adversary complaint is "related to" a bankruptcy case within the meaning of 28 U.S.C. § 1334(b). *Showalter v. Rinard*, 126 B.R. 596, 599 (D.Or. 1991).

■ Herein, the Plaintiff asks this Court to determine the validity, priority, and extent of liens with respect to post-petition property taxes. The Plaintiff's request for relief studiously avoids the fact that pursuant to section 503(b)(1)(B)(i) of the Bankruptcy Code this Court has previously determined that post-petition taxes are administrative expenses of the estate. As such, these taxes are payable in full on or before the effective date of the plan, as mandated by section 1129(a)(9)(A) of the Bankruptcy Code. Thus, the Plaintiff is essentially seeking an adjudication of what its rights would be if the post-petition taxes did *not* constitute administrative expenses of the estate. Such a declaration would constitute an impermissible opinion advising what the law would be upon a hypothetical state of facts. *Hendrix v. Poonai*, 662 F.2d 719, 721–22 (11th Cir.1981). Bankruptcy courts are not authorized to issue advisory opinions, or to entertain proceedings where *no useful purpose would be* served in doing so. *In re Richardson*, 97 B.R. 161, 162 (Bankr.W.D.N.Y.1989) (where debtor moved for valuation of secured claim and court found no purpose to be served by valuation and therefore it would result in no more than advisory opinion, in interest of judicial economy, motion would be denied). Indeed, such advisory opinions are constitutionally impermissible. *Matter of Hamlin's Landing Joint Venture*, 81

B.R. 651, 653 (Bankr.M.D.Fla.1987) (where debtor sought ruling on applicability of automatic stay to co-debtor guarantors, court deemed request one for advisory opinion and denied same as constitutionally impermissible).

■ Bankruptcy courts do not exist for the purpose of solving abstract, academic or hypothetical questions. Even an appeal will be dismissed "where nothing of practical consequence turns on the outcome of th[e] appeal." *In re Smith*, 921 F.2d 136, 138 (8th Cir.1990) (where government was not claiming any additional payments from Chapter 7 debtor on account of tax assessment and Bankruptcy Court merely declared the rights of the parties, Circuit Court would dismiss appeal as moot and remand to District Court with directions to vacate its judgment as moot and then to remand to Bankruptcy Court with directions to vacate its judgment and dismiss the complaint as moot). Assuming arguendo that this Court were ultimately to grant the relief requested by the Plaintiff herein and declare the post-petition taxes unsupported by perfected tax liens because of the automatic stay, "nothing of practical consequence" would result because the post-petition taxes would nonetheless constitute administrative expenses of the estate, required by the Bankruptcy Code to be paid in full no later than the effective date of the plan. 11 U.S.C. § 1129(a)(9)(A). (In the event no plan is confirmed, even conversion to Chapter 7 would have no practical effect, since Chapter 11 administrative expenses retain their administrative expense status despite conversion of case to Chapter 7. §§ 348(d), 1112; *Matter of Peter DelGrande Corp.*, 138 B.R. 458, 461 (Bankr.D.N.J.1992)).

■ Finally, in discussing policy considerations of judicial economy, bankruptcy courts have noted that "[m]ultiplication of adversary proceedings in bankruptcy is no more desirable than multiplication of civil actions generally, and the same policy favoring finality of judicial decisions should apply in adversary proceedings as in any other civil action...." *Matter of Walz*, 44 B.R. 973, 975 (Bankr.W.D.Wis.1984) (where creditor had obtained state court judgment, res judicata would bar debtor's motion to

avoid liens and claim exemptions). Federal courts may not resolve questions posited in a vacuum but only those arising in a "case or controversy." *Matter of S.L.E., Inc.,* 674 F.2d 359, 363 (5th Cir.1982), *citing Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937). No suit will be allowed to proceed which presents no justiciable controversy. One of the critical prerequisites to a finding of justiciability is that there be a viable controversy presently before the court. *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1950, 23 L.Ed.2d 491 (1969). The instant adversary proceeding presents no such viable controversy.

## CONCLUSION

The Court concludes that the present adversary proceeding presents a question which is abstract, academic or hypothetical, because the status of the post-petition property taxes as administrative expenses has been conclusively determined in the parent case. Under the circumstances at bar, the adversary complaint seeks no more than an advisory opinion. No actual controversy exists, because even if the Plaintiff were granted the relief requested by its adversary complaint, the status of the post-petition property taxes as administrative expenses payable in full on or before the effective date of the plan would remain unchanged. As for the advisory opinion, if compelled to make same the court is inclined to rule for the County and against the debtor.

Based on the foregoing, it is

ORDERED, ADJUDGED and DECREED that the Defendants' Motion for Judgment on the Pleadings is granted, the adversary complaint and the cause are dismissed, and judgment shall be entered in favor of the Defendants the State of Florida Department of Revenue and the Dade County Tax Collector and against the Plaintiff, 1819, Ltd., by separate order, pursuant to Federal Rule of Civil Procedure 58.

DONE and ORDERED.