United States Court of Appeals,

Eleventh Circuit.

No. 95-4373.

In re SOUTHEAST BANK CORPORATION, Debtor.

STATE OF FLORIDA, DEPARTMENT OF REVENUE, Dade County Property Appraiser, Joel W. Robbins, Dade County Tax Collector, Fred Ganz, Defendants-Appellants,

v.

William A. BRANDT, Jr., Trustee, Plaintiff-Appellee.

Oct. 10, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-189-CIV-SMA), Sidney M. Aronovitz, District Judge.

Before TJOFLAT and BLACK, Circuit Judges, and REAVLEY[*], Senior Circuit Judge.

PER CURIAM:

Defendants-Appellants Joel W. Robbins, as Dade County Property Appraiser, Fred Ganz, as Dade County Tax Collector, and the State of Florida Department of Revenue (collectively, the "County"), appeal the district court's affirmance of the bankruptcy court's order granting final judgment for Plaintiff-Appellee William A. Brandt, Jr., the trustee in bankruptcy (Trustee). The Trustee filed this adversary proceeding seeking to establish that certain ad valorem taxes on a collection of artworks were invalid and that the related tax lien was avoidable. We conclude that the Trustee's motion for rehearing before the bankruptcy court was untimely, and therefore, the bankruptcy court's reconsideration and reversal of its initial holding for the County was without jurisdiction. We

---

[*]Honorable Thomas M. Reavley, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

reverse.[1]

## I. BACKGROUND

On September 19, 1991, Southeast Bank, N.A. and Southeast Bank of West Florida (collectively, the "Banks") were declared insolvent and seized by federal and state regulators. The following day, the holding company of the Banks, Southeast Banking Corporation (Southeast), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

Since the early 1970's, Southeast had acquired a collection of artwork (Collection) of over 4,000 paintings, prints, photographs, sculptures, lithographs, and other works. Following Southeast's bankruptcy petition, the County assessed the value of the Collection as of January 1, 1992, at $4,535,281 and imposed ad valorem taxes of $143,325.31 for the 1992 tax year. In addition, the County imposed a post-petition statutory lien upon the Collection pursuant to Florida Statute § 197.122, effective January 1, 1992.

The Trustee sought an administrative recharacterization of the Collection as inventory held for sale and exempt from ad valorem taxation under Florida Statute § 196.185.[2] The County declined the request, and on April 1, 1993, the tax assessment became delinquent and the lien became enforceable.

On May 13, 1993, the Trustee commenced an adversary proceeding

[1]Appellants' "Motion to Stay Proceedings Pending Ruling on Motion for Certification of Question to Florida Supreme Court" and "Motion for Certification of Question to Florida Supreme Court" are denied.

[2]"All items of inventory are exempt from ad valorem taxation." Fla.Stat. § 196.185 (1989).

against the County seeking a determination that the ad valorem tax assessment for the 1992 tax year was invalid and the related tax lien was avoidable. The parties filed cross-motions for summary judgment in July 1993. The bankruptcy court, Judge Weaver, conducted a hearing on August 23, 1993, and requested the filing of supplemental memoranda and a stipulation of facts. During a conference call on September 29, 1993, Judge Weaver announced his ruling in favor of the County. At the conclusion of the conference call, the court requested counsel for the County to submit a draft memorandum opinion and order. A Memorandum Opinion and Order Granting Defendant's Motion for Final Summary Judgment, as well as a Final Judgment, were submitted to the court the next day. Judge Weaver signed both the Memorandum Opinion and Final Judgment on September 30, 1993.

The bankruptcy court docket sheet reflects the Final Judgment was entered on October 1, 1993, and the Memorandum Opinion entered on October 4, 1993. On October 13, 1993, the Trustee filed a Motion for Rehearing. The bankruptcy court, Judge Hyman, granted the motion. Upon rehearing, Judge Hyman ruled in favor of the Trustee holding the Collection was inventory held for sale and thus exempt from ad valorem taxation. On appeal, the district court affirmed the bankruptcy court's order.

## II. STANDARD OF REVIEW

This Court is the second court of review of the bankruptcy court's judgment, and we independently examine the bankruptcy court's factual and legal determinations. *In re Delta Resources, Inc.,* 54 F.3d 722, 727 (11th Cir.), *cert. denied,* --- U.S. ----,

116 S.Ct. 488, 133 L.Ed.2d 415 (1995). The bankruptcy court's factual findings are reviewed for clear error, *id.,* and the legal conclusions of the bankruptcy court and district court are reviewed *de novo, id.*

### III. ANALYSIS

The County contends the Trustee's motion for rehearing before the bankruptcy court was untimely filed, and therefore, the bankruptcy court lacked jurisdiction to consider the motion.[3]

Rule 58[4] states in relevant part:

> [U]pon a decision by the court ... that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court.... Every judgment shall be set forth on a separate document.

Fed.R.Civ.P. 58. In addition, the advisory committee notes indicate that any uncertainty as to the effective date of entry of judgment which may arise from the separate filing of memorandum and judgment is eliminated "by requiring that there be a judgment set out on a separate document—distinct from any opinion or memorandum—which provides the basis for entry of judgment." Fed.R.Civ.P. 58 (1963 Amendment, adv. comm. notes). Therefore, Rule 58 creates a brightline definition of "entry of judgment"—upon the entry (filing) of the separate document setting forth the judgment.

---

[3]On the merits, the County contends the Collection was not property held-for-sale and was therefore subject to ad valorem taxation. Because we conclude the Trustee's motion for rehearing was untimely filed, we do not address the merits of the district court's resolution of this issue.

[4]Fed.R.Civ.P. 58 is made applicable to bankruptcy proceedings by Bankr.R. 9021.

In the present case, the separate document setting forth the judgment was entered on October 1, 1993. Under Rule 59(e), [5] the Trustee had 10 days to file a motion to alter or amend the judgment. The Trustee's Motion to Open Judgment and for Rehearing of Memorandum Opinion or In Alternative to Amend and Make Additional Findings was filed October 13, 1993—12 days after the entry of judgment and 2 days after the filing deadline. The motion, therefore, was untimely, and the bankruptcy court was without jurisdiction to grant the motion for rehearing. *See Wright v. Preferred Research, Inc.,* 891 F.2d 886, 890 (11th Cir.1990) (10-day period under Fed.R.Civ.P. 59(e) is jurisdictional and may not be extended by the court); Bankr.R. 9006(b)(2) ("The court may not enlarge the time for taking action under Rule[ ] ... 9023.").[6]

The Trustee argues that the district court correctly held

---

[5]Fed.R.Civ.P. 59 is made applicable to bankruptcy proceedings by Bankr.R. 9023.

[6]In granting the motion for rehearing, Judge Hyman relied upon *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), and "equitably consider[ed]" the motion as timely filed. The bankruptcy court was without jurisdiction to "equitably consider" the motion. In *Bankers Trust,* the court noted that the separate-document "rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss." 435 U.S. at 386, 98 S.Ct. at 1121 (quoting 9 J. Moore, Federal Practice ¶ 110.08[2], p. 119-20 (1970)). *Bankers Trust,* however, is inapposite. The *Bankers Trust* Court held that where the district court failed to enter a separate judgment and the petitioner did not object to the appeal in absence of a separate judgment, the parties are deemed to have waived the separate judgment requirement and the appellate court properly had jurisdiction. *Id.* at 387-88, 98 S.Ct. at 1121. In the present case, the bankruptcy court correctly entered a separate judgment, and the 10-day period under Rule 59(e) began to run. Unlike *Bankers Trust,* there is no confusion as to the entry of a separate judgment or its date. The bankruptcy court was without jurisdiction to consider the untimely filed motion for rehearing, in equity or otherwise.

that Judge Weaver's memorandum opinion was not a final judgment and was therefore subject to revision at any time. The district court found that Judge Weaver's judgment did not address Counts II and III of the Trustee's complaint. Citing Rule 54(b),[7] the district court held that the failure to adjudicate all the claims in the first judgment left the judgment non-final and subject to revision at any time prior to the entry of final judgment adjudicating all claims. Consequently, the district court did not determine whether the motion for rehearing was timely filed within the 10-day limit.

Judge Weaver's memorandum opinion states:

> The issues raised in Counts II and III of the Complaint dealing with the enforceability of the tax liens by operation of Section 197.122, Florida Statutes, need not be addressed, as the Defendant-Tax Collector has applied for payment of the taxes at issue as administrative expenses. *See, In re: Inn on the Bay,* 7 Fla.L.W.Fed. B109 [154 B.R. 364] (Bankr.Ct.S.D.Fla. April 16, 1993) (appeal pending).

Although Judge Weaver chose not to address Counts II and III at length, this does not mean that the claims were not adjudicated. In *In re Inn on the Bay,* 154 B.R. 364 (Bankr.S.D.Fla.1993), the bankruptcy court held that an adversary proceeding seeking a determination of the validity, priority, and extent of liens on post-petition property taxes is subject to dismissal where the post-petition taxes have been determined to be administrative expenses of the estate. 154 B.R. at 367. Regardless of whether *Inn on the Bay* was properly applied to this case, by citing the case, Judge Weaver adjudicated the claims in Counts II and III, and

---

[7]A determination that adjudicates fewer than all the claims is non-final and "subject to revision at any time before the entry of judgment adjudicating all the claims...." Fed.R.Civ.P. 54(b).

his final summary judgment dismissed the action in its entirety. Therefore, Judge Weaver's judgment was a final judgment, and Judge Hyman did not have jurisdiction under Rule 54(b) to consider the motion for rehearing.

The Trustee also contends he should not be prejudiced by a docketing error committed by the clerk of the bankruptcy court. Our review of the record convinces us that no docketing error was committed. Although the final judgment and memorandum opinion were entered on separate dates, they were clearly identified and the date of entry clearly noted.[8]

## IV. CONCLUSION

For the foregoing reasons, we conclude that the Trustee's motion for rehearing was untimely filed after the expiration of the 10-day period under Rule 59(e). The judgment of the district court affirming Judge Hyman's grant of rehearing and disposition of the issues is REVERSED and the original judgment of Judge Weaver is REINSTATED.

---

[8]Although the grounds for rehearing or appeal may not be clearly known or identified until the memorandum opinion has issued, where the judgment is entered prior to the memorandum opinion, a party is free to timely file a motion for rehearing and later file a supplemental memorandum based upon the memorandum opinion.