**In re Ronnie Dale GOLDEN, Debtor.**

**Ronnie Dale GOLDEN, Appellant,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Appellee.**

**No. 5:96CV392–RH.**

United States District Court, N.D. Florida.

Dec. 17, 1996.

David L. Fleming, Gulf Breeze, FL, for Ronnie Dale Golden.

Marika Lancaster, U.S. Department of Justice, Washington, DC, for Internal Revenue Service.

Leigh D. Hart, Tallahassee, FL, trustee.

### *ORDER DISMISSING APPEAL*

HINKLE, District Judge.

This is an appeal from an order of the bankruptcy court overruling the objections of the debtor, Ronnie Dale Golden, to the claim of the Internal Revenue Service. The order provides that "the claim of the IRS is allowed in its entirety."

The bankruptcy court has not entered a separate final judgment on the IRS's claim. Nor has the court explicitly set forth the amount of the judgment it intends to enter. Determining the amount of the judgment may require more than simply consulting the claim itself; the IRS may, for example, be entitled to interest from the date of the claim forward, as well as to pre-claim interest as set forth in the claim itself. Moreover, Mr. Golden asserts he paid some or all of the amount the IRS claims; it is not completely clear whether the bankruptcy court has finally rejected this assertion.[1]

1. Mr. Golden asserts that the IRS's claim was in    effect paid through the assignment of certain

In the absence of a separate final judgment, the bankruptcy court's order is not a final, appealable order. *See, e.g.,* Bankr.R. 9021; *see also In re Southeast Bank Corp.,* 97 F.3d 476, 478 n. 4 (11th Cir.1996) (recognizing that Federal Rule of Civil Procedure 58 is made applicable to bankruptcy proceedings by Bankruptcy Rule 9021). The parties have treated the order as appealable without raising this issue, and I therefore could do likewise, overlooking the technical requirement of a separate judgment. *See, e.g., Bankers Trust Co. v. Mallis,* 435 U.S. 381, 383–88, 98 S.Ct. 1117, 1119–22, 55 L.Ed.2d 357 (1978). Here, however, in light of the lack of definiteness regarding the precise amount of the judgment to be entered and the uncertainty regarding whether the bankruptcy court has finally rejected Mr. Golden's payment defense, the better course is not to ignore the absence of a final judgment. *See, e.g., In re Behrens,* 900 F.2d 97, 100 (7th Cir.1990). The order from which Mr. Golden has appealed is not a final judgment and is not otherwise appealable.

Accordingly,

IT IS ORDERED:

This appeal is dismissed for lack of jurisdiction.

receivables to the IRS. Mr. Golden failed to prove this contention at the evidentiary hearing that led to entry of the bankruptcy court's order. It is not completely clear whether the bankruptcy court intended the hearing to address this issue or instead intended the hearing to address only the IRS's claim without reaching the payment defense.