**In re Janet Lee REPPERT, Dean E. Reppert II, Debtors.**

**Janet Lee Reppert, Dean E. Reppert II, Appellants,**

**v.**

**Western National Bank, Appellee.**

**Bankruptcy Nos. 99–22347, 01–2259–JWL.**

**BAP No. KS–00–13.**

United States District Court, D. Kansas.

Dec. 28, 2001.

Steven R. Wiechman, Wiechman Law Office, Jack M. N. Shelton, Shelton Law Office, Topeka, KS, for appellants.

Charles T. Engel, Cosgrove, Webb & Oman, Topeka, KS, for appellee.

Eric C. Rajala, Overland Park, KS, trustee pro se.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This case comes before the court on appeal by appellants Janet Lee and Dean E. Reppert II from an order of the United States Bankruptcy Court filed February 22, 2000, overruling the Repperts' motion to reconsider. The bankruptcy court's order is affirmed because the motion to reconsider, filed more than ten days after the bankruptcy court's initial order granting the Repperts' motion for turnover but denying them damages and attorney's fees, must be construed as a Fed.R.Civ.P. 60(b) motion and the Repperts do not provide, nor does the court find, an appropriate ground for relief under Rule 60(b).

### I. *BACKGROUND*

On June 4, 1998, the Repperts entered into a finance agreement with Western National Bank ("the bank") for the purchase of two vehicles. On September 13, 1999, the bank self-help repossessed the two vehicles. Two days later, on September 15, 1999, the Repperts filed a Chapter 13 Bankruptcy Petition and Plan of Reorganization. A little more than a week later, on September 24, 1999, the Repperts filed a motion for turnover, requesting immediate turnover of estate property and an award of damages against the bank for its alleged violation of the stay according to 11 U.S.C. § 362(h). The following Tuesday, September 28, 1999, the bank filed a motion for relief from stay seeking authority to foreclose its mortgage on the Repperts' real estate and security interest in their two vehicles and tools.

On October 6, 1999, a non-evidentiary hearing was held regarding the Repperts' motion for turnover. At the conclusion of the hearing, the bankruptcy court entered its order continuing the hearing on the motion for turnover until November 10,

1999, so that the court could review the case law cited by the parties. In the interim, the Repperts' vehicles remained in the bank's possession.

At the November 10, 1999 hearing, the bankruptcy court orally granted the motion for turnover of the Repperts' automobiles and directed their counsel to prepare the order. The court held that the bank had not violated the automatic stay because the legal posture of the case was ambiguous enough to justify retaining the vehicles and preclude a claim that the bank intentionally harmed the debtors. Because the automatic stay was not violated, an award of damages and attorney's fees against the bank was denied. The order for turnover was signed by the bankruptcy court on November 16, 1999.

On November 18, 1999, at a pretrial conference on the bank's motion for relief from the automatic stay, the bankruptcy court found the bank to be adequately protected and ordered the bank to turn over the Repperts' vehicles. The bank released the Repperts' vehicles later that day. On December 2, 2000, 16 days after the bankruptcy court entered its order granting the Repperts' motion for turnover but denying the Repperts damages and attorney's fees, the Repperts filed a motion to reconsider. The Repperts asked the court to reconsider its finding that the bank had not violated the automatic stay. Specifically, they argued that the court erred in not awarding damages because the bank violated the automatic stay pursuant to 11 U.S.C. § 362(a)(3) and the bank's action was willful; therefore, according to 11 U.S.C. § 362(h), the bankruptcy court should have awarded damages. They also argued that punitive damages should have been awarded under § 362(h). On January 18, 2001, after hearing the parties positions, the bankruptcy court denied the Repperts' motion to reconsider on the merits stating that sufficient legal controversy existed to support the bank's position. After the bankruptcy court's ruling, the Repperts filed an appeal.

## II. *JURISDICTION AND STANDARD OF REVIEW*

 Western National Bank elected to have this appeal heard by the United States District Court pursuant to 28 U.S.C. § 158(c)(1). Accordingly, jurisdiction to decide this appeal is proper under 28 U.S.C. § 158(a). The Repperts did not pursue an appeal of the matters decided in the bankruptcy court's judgment and order for turnover entered November 16, 1999; instead, they filed a motion for reconsideration. Neither the Bankruptcy Code nor the Federal Rules of Civil Procedure recognize a motion for reconsideration, therefore, according to Tenth Circuit precedent, the motion must be construed as either a Fed.R.Civ.P. 60(b) or Fed. R.Civ.P. 59(e) motion.[1] *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991). Under Rule 59(e)[2], the Repperts had ten days to file a motion to alter or amend the judgment; otherwise, the motion must be construed as a Rule 60(b) motion. *Hawkins v. Evans,* 64 F.3d 543, 546 (10th Cir.1995). The Repperts filed their motion on December 2, 1999—16 days after the entry of the bankruptcy court's order and six days after the filing

---

1. With certain modifications not relevant here, Rule 60(b) and Rule 59(e) are made applicable to the bankruptcy courts pursuant to Bankr.R. 9023 and Bankr.R. 9024 respectively.

2. Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

deadline.[3] Therefore, the motion was untimely under Rule 59(e), and it must be treated as a Rule 60(b) motion. Bankr.R. 9006(b)(2) ("The court may not enlarge the time for taking action under Rule [ ] ... 9023....."). A Rule 60(b) motion is reviewed for abuse of discretion. *Servants of Paraclete v. Does, I–XVI,* 204 F.3d 1005, 1009 (10th Cir.2000). It does not toll the time for filing an appeal, and an appeal from the denial of a Rule 60(b) motion does not preserve for appellate review the merits of the underlying judgment. *Hawkins,* 64 F.3d at 546. Therefore, the Repperts failed to preserve for appellate consideration the merits of the bankruptcy court's November 16, 1999 ruling and this court is constrained to address only the Repperts' Rule 60(b) motion and determine whether the bankruptcy court abused its discretion in denying that motion.

## III. *ANALYSIS*

■ The bankruptcy court did not abuse its discretion in denying the Repperts' motion to reconsider. The Repperts' motion revisits the same issues already addressed and dismissed by the bankruptcy court in its November 16, 1999 order on the motion for turnover. According-

ing to the Tenth Circuit, revisiting issues already addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original ... motion was briefed is likewise inappropriate." *Van Skiver,* 952 F.2d at 1243 (quotations omitted); *see also Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir.1996). As in *Van Skiver,* on that basis alone this court affirms the bankruptcy court's denial of the motion to reconsider.

■ This court does not, and need not, reach the merits of the Repperts' motion to reconsider because in their motion they have failed to demonstrate any basis for Rule 60(b) relief. *Van Skiver,* 952 F.2d at 1243 (citation omitted). Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Cashner,* 98 F.3d at 576; *see also Van Skiver,* 952 F.2d at 1243 (citing *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir.1990)). A party shows exceptional circumstances by satisfying at least one of the six Rule 60(b) grounds for relief from judgment.[4] The Repperts' motion did not

---

3. Bankr.R. 9006(a), rather than Fed. R. Civ. 6(a), controls the computation of time for this ten-day filing deadline. Under Bankr.R. 9006(a), intermediate Saturdays, Sundays and legal holidays are excluded from computation when the time period for filing is less than eight days. In contrast, Rule 6(a) excludes such days when the time period is less than 11 days. The Federal Rules of Civil Procedure make clear, however, that the Bankruptcy Rule should override the Civil Rule in bankruptcy cases. Fed.R.Civ.P. 81(a)(1) ("These rules ... do not apply to proceedings in bankruptcy ..., except in so far as they may be made applicable thereto by rules promulgated by the Supreme Court of the United States."); *see also In re Southeast Bank Corp.,* 97 F.3d 476, 478 (11th Cir.1996). Regardless, even under the Civil Rules where Saturdays, Sundays and holidays are excluded, the

Repperts' motion for reconsideration was filed one day after the ten-day deadline set out in Rule 50(e).

4. Rule 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has

provide any of the exceptional circumstances permitting relief under Rule 60(b) nor does this court's reading of the record disclose any. The Repperts' motion merely reiterates the original issues raised in their motion for turnover and seeks to challenge the correctness of the legal conclusions of the bankruptcy court's November 16, 1999 order by arguing that the bankruptcy court misapplied the law. "Such arguments are appropriate if brought under Rule 59(e) within ten days of the bankruptcy court's order or on direct appeal but do not justify relief from the bankruptcy court's judgment pursuant to Rule 60(b)." *Id.* (citations omitted).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the bankruptcy court's order overruling the Repperts' motion to reconsider is affirmed.

**IT IS SO ORDERED.**

been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.