In re Theodore Carlton **RICHARDSON,**
Debtor.

**Ron Peterson, as Trustee of the Jacqueline N. Overton Trust, Plaintiff,**

v.

**Theodore Carlton Richardson, Defendant.**

Adversary Nos. 94–86, 94–554.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 2, 2007.

David P. Rankin, Law Offices of David P. Rankin, Lutz, FL, for Plaintiff.

Daniel A. Medeiros, Daniel A. Medeiros, P.A., Sarasota, FL, for Defendant.

### *ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT RICHARDSON'S NOTICE OF APPEAL*

K. RODNEY MAY, Bankruptcy Judge.

More than fifteen years ago, defendant Theodore Carlton Richardson, a former Florida attorney, misappropriated funds from his client, the Jacqueline N. Overton Trust (the "Trust"). He then sought to

discharge the debt by filing for bankruptcy relief in the District of Columbia in 1994. The Trust commenced an adversary proceeding to determine whether Richardson's obligation was dischargeable; the adversary was transferred to this Court, but abated pending a determination of Richardson's liability to the Trust. In 2004, with permission of the D.C. bankruptcy court, the Trust obtained a Florida state court judgment of "civil theft" in the amount of $208,880. Thereafter, this Court determined that Richardson's liability was a debt arising from defalcation by a fiduciary which could not be discharged.

Even though Richardson failed to timely appeal or seek rehearing of this Court's judgment, he now seeks to appeal from this Court's two post-judgment orders denying his Rule 59 motions for reconsideration. For the reasons stated below, this Court will not interfere with the appellate process by striking Richardson's notice of appeal, as requested by the Trust.

### BACKGROUND

This adversary proceeding came on for consideration on the Plaintiff's Motion to Strike Defendant Richardson's Notice of Appeal ("Motion"), filed on July 16, 2007 (Document No. 70). Richardson is seeking to appeal (Document No. 67) this Court's post-judgment orders: (i) Striking Motion for Reconsideration, entered on June 7, 2007 (Document No. 61); and (ii) Denying Motion for Reconsideration, and to Vacate Sua Sponte Order Striking Motion for Reconsideration, entered on June 26, 2007 (Document No. 65). Plaintiff argues that the Court should strike the notice of appeal because it was filed too late to obtain review of the underlying final judgment of non-dischargeability.

In 1994, Richardson filed for relief under Chapter 7 in the District of Columbia (the "D.C. Bankruptcy Court"), after being sued by the Trust (on or about December 21, 1990), in the Circuit Court for Hillsborough County (the "State Court Action"). The Trust also filed an adversary proceeding in the D.C. Bankruptcy Court asserting that the Trust's claims against Richardson are excepted from discharge, pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6). The D.C. Bankruptcy Court later transferred venue of the adversary proceeding to this Court, which was re-captioned as adversary proceeding number 94–554.

In 1995, this Court abated the adversary proceeding pending a determination of Richardson's liability in the State Court Action (Document No. 23). On June 14, 2000, the D.C. Bankruptcy Court entered an order allowing the Trust to proceed with the State Court Action.

Thereafter, orders were entered in the State Court Action requiring Richardson to answer the Trust's amended complaint and comply with discovery requests. Richardson failed to do so. Consequently, the Circuit Court entered a default judgment. Circuit Judge Holder stated, in his order, dated June 18, 2002: "[Richardson] offered no explanation for his failure to do that which this Court ordered other than to repeat those arguments that had been presented to this Court before and rejected." On October 1, 2003, the state court issued an order setting the matter for a non-jury trial to fix damages.

On October 19, 2003, Richardson filed a motion in the D.C. Bankruptcy Court, renewing his request for that court's protection from the default judgment that had been entered in the State Court Action. Bankruptcy Judge S. Martin Teel, Jr., entered a lengthy order denying Richardson's motion on December 12, 2003. A copy of that order is filed in the instant adversary proceeding as Document No. 38. Judge Teel concluded, with careful analy-

sis, that the Florida state court was not barred from entering a default against Richardson based upon his failure to comply with court orders entered after the State Court Action had resumed.

Richardson then asked this Court, on November 6, 2003, to dismiss or stay the damages trial in the State Court Action (Document No. 33). After a hearing, this Court denied Richardson's motion, by Order entered on February 2, 2004 (Document No. 39).

The state court conducted the damages trial and entered a final judgment against Richardson on February 23, 2004, including the specific finding that Richardson had breached his fiduciary duty as an attorney to the Trust when he knowingly, willfully, and voluntarily billed and took funds from the Trust without having any lawful claim to those funds. The state court also made a specific factual finding that Richardson's actions constituted civil theft pursuant to Chapter 772, Florida Statutes, and that he was therefore liable for treble damages and reasonable attorney's fees. The final judgment awarded total damages of $208,880.00. The Second District Court of Appeals affirmed the final judgment on February 11, 2005. On June 17, 2005, the Florida Supreme Court dismissed Richardson's petition for writ of mandamus.

On January 3, 2007, the Trust requested that this Court reopen the adversary proceeding (Document No. 41), accompanied by its Motion for Final Judgment to Determine Dischargeability (Document No. 42). On February 28, 2007, this Court reopened the adversary proceeding (Document No. 46). Richardson filed a lengthy brief on March 23, 2007 (Document No. 52). Following oral argument, this Court entered an Order (Document No. 56) and a Final Judgment (Document No. 57), determining that the debt established by the final judgment in the State Court Action amounts to, at least, a defalcation by a fiduciary and therefore is not dischargeable, pursuant to 11 U.S.C. § 523(a)(4).[1]

### DISCUSSION

This Court's final judgment of non-dischargeability was entered on May 18, 2007 (Document No. 57). The ten-day period for *filing* a notice of appeal, pursuant to Bankruptcy Rule 8002(a), expired on May 29, 2007 (the tenth day, actually falling on May 28, the Memorial Day holiday). Richardson did not timely appeal from the final judgment, nor did he timely seek rehearing.

On May 30, 2007, 12 days after entry of the final judgment of non-dischargeability, Richardson filed his first Motion for Reconsideration (Document No. 60)(the "First Reconsideration Motion"), which this Court struck as untimely, in accordance with Fed. R. Bankr.P. 9023, Fed. R.Civ.P. 59(e). *In re Southeast Bank Corp.,* 97 F.3d 476 (11th Cir.1996)(bankruptcy court was without jurisdiction to grant untimely motion for rehearing filed one day after deadline).

Richardson then filed, on June 18, 2007, his Expedited Motion for Reconsideration and to Vacate Sua Sponte Order Striking Motion for Reconsideration (Document No. 64)(the "Second Reconsideration Motion"). Richardson does not contest the Court's calculation of the ten-day limitation period, but argues that the First Reconsideration

---

1. Section 523(a)(4) excepts from a debtor's discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Because the state court's final judgment unambiguously establishes that Richardson committed civil theft in connection with his breach of fiduciary duty, the necessary elements of nondischargeability have already been determined.

Motion was timely because the filing of that post judgment motion was tolled until notification of entry of the judgment, or, if notified by mail, by an additional three-day period. In the alternative, Richardson requested an extension of time to file a notice of appeal pursuant to Fed. R. Bankr.P. 8002(c).

■ This Court entered an Order Denying the Second Reconsideration Motion On June 26, 2007, (Document No. 65) as being without merit. It is well settled that the ten-day period provided in Fed.R.Civ.P. 59 (made applicable by Fed. R. Bank. P. 9023) begins to run upon entry of the judgment, not on its service. *In re Southeast Bank Corp.*, 97 F.3d 476 (11th Cir.1996); *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111 (11th Cir.1993). *See* 12 James Wm. Moore *et al.*, Moore's Federal Practice § 59.11[1][a] (3d ed.2006). Additionally, Richardson's request for an extension of time to file a notice of appeal was filed after the ten-day period for filing a notice of appeal had expired. Pursuant to Fed. R. Bankr.P. 8002(c)(2), the Court may only grant such a request upon a showing of "excusable neglect." Richardson failed to assert any basis for the Court to make a finding of excusable neglect.

■ Richardson now seeks to appeal the Order Denying the Second Reconsideration Motion. The effort to seek this Court's reconsideration of the final judgment—as to which no appeal was timely filed—would appear to be an exercise in futility. Nevertheless, Richardson's notice of appeal is timely as to the Order Denying the Second Reconsideration Motion, since it was filed within ten days of entry of that Order. The notice of appeal is also timely as to the Order Striking the First Reconsideration Motion pursuant to Fed. R. Bankr.P. 8002(b), since the Second Reconsideration Motion tolled the ten-day appeal period for filing an appeal of that order. As an equitable matter, this Court will not pre-empt the appellate process. Accordingly, it is

ORDERED, the Motion to Strike Defendant Richardson's Notice of Appeal is denied.

DONE and ORDERED.