CUMBERLAND MUTUAL FIRE
INSURANCE COMPANY

v.

EXPRESS PRODUCTS,
INC., Appellant.

Maryland Casualty Company

v.

Express Products, Inc., Appellant.

Nos. 11–3919, 12–2155, 11–3943, 12–2156.

United States Court of Appeals,
Third Circuit.

Argued May 21, 2013.

Filed: June 24, 2013.

Phillip A. Bock, Bock & Hatch, Chicago, IL, Ann M. Caldwell, Caldwell Law Office LLC, Philadelphia, PA, Brian J. Wanca, David M. Oppenheim (Argued), Anderson & Wanca, Rolling Meadows, IL for Appellant.

Lawrence J. Bistany, White & Williams, Philadelphia, PA, Michael M. Marick (Argued), Karen M. Dixon, Meckler Bulger Tilson Marick & Pearson, Chicago, IL, for Appellee Maryland Casualty Company.

Michael A. Hamilton, Lawrence D. Jackson, Louis H. Kozloff (Argued), Nelson Levine de Luca & Hamilton, Blue Bell, PA, for Appellee Cumberland Mutual Fire Insurance Company.

Before: RENDELL, GREENAWAY, Jr., and GARTH, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge.

This appeal is from the District Court's grant of summary judgment in favor of two insurers, Maryland Casualty Company (Maryland) and Cumberland Mutual Fire Insurance Company (Cumberland), in declaratory judgment actions brought by the insurers to establish the scope of their duty to defend and indemnify their insured, Express Products (Express). Inter alia, the insurers sought judgments concerning their obligations in relation to a class action brought in Illinois state court in 2004 alleging that Express transmitted unsolicited advertisements via fax message in violation of federal and state law. Express also appeals from the District Court's denial of its motion for judgment on the pleadings and its motion for summary judgment, referred to below.

## I

In 2008, Cumberland commenced its declaratory judgment action against Express in the Eastern District of Pennsylvania. The plaintiffs in the underlying class action (class plaintiffs) responded by filing their own declaratory judgment action against Express and Cumberland in New Jersey state court. In 2009 Maryland likewise filed a declaratory judgment action against Express in the Eastern District of Pennsylvania, and the class plaintiffs filed an action against Express and Maryland in Illinois state court.

Express thereafter moved for judgment on the pleadings in the present litigation, arguing that the cases should be dismissed for failure to join the class plaintiffs and that the Court should abstain in light of the ongoing state cases.[1] On October 14 & 15, 2009, the District Court (Tucker, J.) issued orders denying the motions without explanation.

In 2009, Express and the class plaintiffs entered into a settlement agreement, which was approved by the Illinois state court on October 13, 2009. The settlement awarded just under $8 million to the class plaintiffs, with the proviso that "said judgment [is] to be satisfied only from [Ex-

---

1. Before the District Court ruled on this motion, the class plaintiffs' New Jersey action was dismissed in light of the earlier-filed federal action. The Illinois litigation is ongoing.

press'] insurers and the proceeds of [Express'] insurance policies...." Appx. 375. Pursuant to the settlement, the class plaintiffs agreed to provide counsel to defend Express in the present action. Thereafter, Express moved for summary judgment in both insurance cases urging, inter alia, that because the class plaintiffs were the interested parties, the litigation was moot.

On September 1, 2011, the District Court issued an order granting summary judgment in favor of Maryland and Cumberland declaring that they have no obligation to defend or indemnify Express and denying Express' summary judgment motion. A footnote at the conclusion of the order indicated that "The Court's supporting memorandum is forthcoming." [2]

In the alluded-to *memorandum*, issued on September 22, 2011, and entitled "Memorandum and Order," the District Court filed a comprehensive explanation giving its reasons for granting summary judgment on September 1, 2011, in favor of Cumberland and Maryland. The Court explained that the case was not moot as Express claimed, but that there was rather an actual case and controversy between Express and the insurers; that Pennsylvania law governed the dispute; and that because Express' actions were intentional and not accidental it was not covered under the insurance contract provision concerning property damage. The memorandum concluded:

> For the foregoing reasons, the Court grants Plaintiff Cumberland Mutual Fire Insurance Company's motion for Summary Judgment. The Court also grant[s] Plaintiff Maryland Casualty Company's Motion for Summary Judgment. An appropriate Order follows.

On October 21, 2011, Express filed notices of appeal from the 2011 grants of summary judgment (as well as from the earlier denial of Express' motion for judgment on the pleadings). These notices fell well over thirty days after the September 1, 2011, order but less than thirty days after the September 22, 2011, memorandum opinion.

In addition, on November 15, 2011, Express, despite the entry of the September 1, 2011, order, submitted motions in each case pursuant to Fed.R.Civ.P. 58 requesting that the District Court enter a separate final judgment document. [3] In the

---

**2.** The District Court's order, signed on August 31, 2011, and filed on September 1, 2011, reads:

> **AND NOW,** this *31st* day of August, 2011, in Civil Action No. 08–2909, upon consideration of Defendant's Second Motion for Judgment on the Pleadings (Doc. 15), which the Court has treated as a Motion for Summary Judgment, Plaintiff's Cross–Motion for Summary Declaratory Judgment (Doc. 20), and all of the parties' supplemental briefs, **IT IS HEREBY ORDERED** and **DECREED** that Defendant's Motion is **DE-NIED** and Plaintiff Cumberland Mutual Fire Ins. Co.'s Motion is **GRANTED.**
>
> **IT IS FURTHER ORDERED** that, in Civil Action No. 09–857, upon consideration of Defendant's Second Motion for Judgment on the Pleadings (Doc. 15), which the Court has treated as a Motion for Summary Judgment, Plaintiff's Cross–Motion for Sum-

mary Judgment (Doc. 20), and all of the parties' supplemental briefs, **IT IS HEREBY ORDERED** and **DECREED** that Defendant's Motion is **DENIED** and Plaintiff Maryland Casualty Company's Motion is **GRANTED.**[1] [[1] The Court's supporting memorandum is forthcoming.]

**3.** Fed.R.Civ.P. 58(a) provides that:

> Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:
> (1) for judgment under Rule 50(b);
> (2) to amend or make additional findings under Rule 52(b);
> (3) for attorney's fees under Rule 54;
> (4) for a new trial, or to alter or amend the judgment, under Rule 59; or
> (5) for relief under Rule 60.

alternative, if the Court construed the September 1, 2011, order as a final judgment, the motion sought relief from that order pursuant to Fed.R.Civ.P. 60.[4] At no time did Express move for an extension of time to file an appeal pursuant to Fed R.App. P. 4(a)(5)[5] or to reopen the time to file an appeal pursuant to Fed. R.App. P. 4(a)(6).[6]

On March 21, 2012, the District Court denied the Rule 58/60 motions, explaining that the September 1 order clearly was a final judgment, notwithstanding Express'

professed confusion over the District Court's indication in the September 22, 2011, memorandum opinion that "[a]n appropriate order follows." Express timely appealed from this order in both cases.

## II

The threshold—and dispositive—issue in this consolidated appeal is whether Express' notices of appeal were filed within thirty days as required by Fed. R. App. P. 4(a)(1)(A)[7] and 28 U.S.C. § 2107(a).[8] The

---

Fed.R.Civ.P. 58(d) further provides that: "A party may request that judgment be set out in a separate document as required by Rule 58(a)."

4. Fed.R.Civ.P. 60(b) provides that:
   On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) mistake, inadvertence, surprise, or excusable neglect;
   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   (4) the judgment is void;
   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
   (6) any other reason that justifies relief.

5. Fed. R.App. P. 4(a)(5) provides that:
   (A) The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
   (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice

must be given to the other parties in accordance with local rules.
   (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

6. Fed. R.App. P. 4(a)(6) provides that:
   The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
   (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
   (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
   (C) the court finds that no party would be prejudiced.

7. Fed. R.App. P. 4(a)(1)(A) provides: "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."

8. 28 U.S.C. § 2107(a) provides: "Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days

plain language of Rule 4(a) makes clear that "the notice of appeal ... must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Moreover, as the Supreme Court has definitively stated in this connection, "the taking of an appeal within the prescribed time is mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (internal quotation marks omitted).

In *Bowles*, the District Court granted the appellant, Russell, an extension of time to file an appeal pursuant to Fed. R.App. P. 4(a)(6) and 28 U.S.C. § 2107(c). Rather than granting a fourteen-day extension as prescribed by the Rule and statute, the District Court granted Russell a seventeen-day extension. Russell then filed an appeal *within* the seventeen day limit, but *after* the fourteen-day period provided by the Rule and statute. The Supreme Court held that, notwithstanding Russell's reliance on—and compliance with—the date expressly authorized by the District Court, the appeal was untimely and the Circuit Court lacked jurisdiction to hear it. *Id.* at 214, 127 S.Ct. 2360.

In so doing, the Supreme Court emphasized "the jurisdictional distinction between court-promulgated rules and limits enacted by Congress." *Id.* at 211–12, 127 S.Ct. 2360. In *civil cases* governed by a *statutory* appeal period, such as this one, the Court deemed that only a statute enacted by Congress could authorize "wiggle room" with respect to the thirty-day limit prescribed by Rule 4(a):

> Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement. Because this Court has no authority to create equitable exceptions to jurisdictional re-

quirements, use of the "unique circumstances" doctrine is illegitimate. . . .

> If rigorous rules like the one applied today are thought to be inequitable, Congress may authorize courts to promulgate rules that excuse compliance with the statutory time limits.

*Id.* at 214, 127 S.Ct. 2360.

It is in the cold light of *Bowles'* strict jurisdictional rule that we must view the present case. Here, the District Court issued an order granting summary judgment on September 1, 2011. Express did not file an appeal until October 21, 2011. At oral argument, when asked what statute Congress has enacted to excuse non-compliance with Rule 4(a), counsel could not answer. The critical—indeed, only—question, therefore, is whether the September 1 order was a final order that commenced the thirty-day time window in which Express was required to provide notice of an appeal under Rule 4(a).

### III

■ We begin by considering whether formal features of the September 1, 2011, order granting summary judgment to Cumberland and Maryland and denying Express' motion are such as to qualify it as a judgment that triggered the thirty-day time period for appeal. In order to so qualify, an order must "be set out in a separate document." Fed.R.Civ.P. 58(a). We have determined that

> an order will be treated as a separate document if it meets three criteria: first, the order must be self-contained and separate from the opinion; second, the order must note the relief granted; and third, the order must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims.

after the entry of such judgment, order or decree."

*In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 241 (3d Cir.2006).

The September 1, 2011, order in this case clearly and unequivocally meets these criteria: it awards summary judgment to Maryland and Cumberland; it is separate from the memorandum opinion; and it contains none of the District Court's reasoning. None of these core attributes is in dispute. *Cf. Diamond by Diamond v. McKenzie*, 770 F.2d 225, 229–30 (D.C.Cir. 1985) (District Court order failed to qualify as a separate document where "it set forth a decision in the sense of providing the basis, albeit briefly, of the court's reasoning, along with citations to legal authorities.").

Express nonetheless argues that the September 1, 2011, order was not the Court's *final* judgment and thus did not trigger its obligation to appeal within thirty days. Specifically, Express contends that because a "final decision is a decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment or one by which a district court disassociates itself from a case," *New Jersey, Dept. of Treasury, Div. of Inv. v. Fuld*, 604 F.3d 816, 819 (3d Cir.2010) (citation and internal quotation marks omitted), the September 1 order cannot qualify because the Court still intended to write a supporting memorandum.

Contrary to Express' contention, the footnote of the September 1, 2011, order indicating that "[t]he Court's supporting memorandum is forthcoming" plainly did not contemplate further *action* by the District Court. Rather, it is clear that the *supporting* memorandum would be an ex-planatory and subsidiary document explicating and elaborating upon the order. Issuance of such a supporting memorandum is not a further action undermining the finality of the order. As other courts to consider the implications of separately filed orders and memorandum opinions have agreed, the entry of the order marks the beginning of the window for appeal even when a memorandum opinion is filed at a later time. *See Ludgood v. Apex Marine Corp. Ship Mgmt.*, 311 F.3d 364, 369 (5th Cir.2002) ("[W]e agree with the 11th Circuit that [the fact that the memorandum order and opinion was entered six days after the final judgment] does not alter the fact that the date of the final judgment remains the operative date for determining the timeliness of an appeal.") (citing *In re Se. Bank Corp.*, 97 F.3d 476 (11th Cir.1996)).[9] Indeed, there is nothing in the September 1, 2011, order or in the District Court's memorandum which would give any indication that the September 1, 2011, order was not a final judgment other than the memorandum's statement that "[a]n appropriate Order follows."

Alternatively, Express contends that even if the September 1, 2011, order on its own might qualify as a final order, the September 22, 2011, memorandum, which indicated that "[a]n appropriate Order follows," created reasonable confusion that prevented the September 1 order from serving as a final judgment. In support of this claim, Express invokes the background principles animating Rule 58's "separate document" rule. As the Supreme Court has observed, "[Rule 58] is designed to simplify and make certain the matter of appealability. It is not designed

---

**9.** As the court in *In re Se. Bank Corp.* sensibly noted, "[a]lthough the grounds for rehearing or appeal may not be clearly known or identified until the memorandum opinion has issued, where the judgment is entered prior to the memorandum opinion, a party is free to timely file a motion for rehearing and later file a supplemental memorandum based upon the memorandum opinion." *In re Se. Bank Corp.*, 97 F.3d at 479 n. 10.

as a trap for the inexperienced.... The rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss." *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 386, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam) (second alteration in original) (internal quotation marks omitted). We have likewise recognized Rule 58's goal of eliminating doubt and confusion. In *In re Cendant Corp. Sec. Litig.,* 454 F.3d at 245, we held that the order at issue was not a qualifying separate document "because it contained an extended discussion of facts and procedural history. This discussion raised doubt to Appellants whether a final judgment had been entered. Doubt is exactly what the separate-document requirement was designed to avoid."

Notwithstanding Express' claimed confusion, however, consideration of this case in light of our precedents concerning the application of Rule 58 leaves no doubt that the September 1, 2011, order was a final judgment. In order to accomplish the simplifying and clarifying goals of Rule 58, the Supreme Court has called for a "mechanical" approach. *United States v. Indrelunas,* 411 U.S. 216, 221–22, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) *(per curiam)* ("[T]he separate document provision.... [is] a mechanical change that must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." (internal quotation marks omitted)), disavowed in part on other grounds by *Mallis,* 435 U.S. at 386 n. 7, 98 S.Ct. 1117. As we have further noted, "Rule 58 is a touch-the-base requirement *that lays perception aside.*" *In re Cendant Corp. Sec. Litig.,* 454 F.3d at 241 n. 4 (emphasis added).

In the present case, all of the "mechanical" requirements of Rule 58 have plainly been met, all the bases have been touched, and to delve into the subjective percep-

tions of Express would invite a departure from the mechanical clarity that is the Rule's touchstone. Though we may imagine cases in which a subsequent action by the Court might create objective ambiguity concerning the status of a previous order, such is surely not the case here. Quite simply, there could be no doubt after the September 1, 2011, order what the outcome of this case was: Express lost and the insurers prevailed. There is nothing in the September 22, 2011, memorandum opinion that is in any way inconsistent with the judgment of September 1, 2011. Nor, for that matter, is there any suggestion that an additional order would be required to effectuate the reasoning of the memorandum opinion. After September 1, 2011, this case was definitively resolved—and there was no objectively reasonable ground to doubt the finality of the resolution articulated on September 1, 2011.

Although we recognize the general policy considerations favoring preservation of the right to appeal, mere subjective confusion cannot exempt a party from operation of the clear and established procedures for the orderly filing of appeals. *See Local Union No.1992 of Int'l Bhd. of Elec. Workers v. Okonite Co.,* 358 F.3d 278, 286 (3d Cir.2004) ("parties' subjective state of mind ... is immaterial" where Rule 58 objectively satisfied). Failure to file a timely appeal is an "error ... of jurisdictional magnitude." *Bowles,* 551 U.S. at 213, 127 S.Ct. 2360. Such a jurisdictional defect is thus properly governed by a "rigorous rule[ ]," and it is beyond the Courts' authority to engage in equitable balancing in this regard. *Id.* at 214, 127 S.Ct. 2360. The rule thus applies with full force even where the would be appellant receives an express time extension from the District Court, as in *Bowles,* or is never notified that final judgment has issued. Fed. R.Civ.P. 77(d)(2) ("Lack of notice of the entry does not affect the time for appeal or

relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).").  As discussed above, Rule 4(a) does provide for exceptions to the thirty-day limit under extenuating circumstances, but Express has conspicuously failed to invoke these exceptions.

Additionally, we note that Express had ample time after the issuance of the September 22, 2011, memorandum opinion to file a timely appeal within the thirty-day window.[10]  There is thus no draconian harshness in enforcing this jurisdictional requirement.  As we noted in *Cendant,* "[w]hen parties are in doubt about whether the separate judgment rule has been met, they should file a notice of appeal.  A too-late appeal is fatal, but a too-early appeal provides safety, as a premature appeal becomes effective on the entry of the judgment or order." *In re Cendant Corp. Sec. Litig.,* 454 F.3d at 245 n. 9.

■ We therefore conclude that Express has failed to timely appeal from the judgment of the District Court, and we therefore lack jurisdiction to consider the merits of the appeal.

### IV

■ We turn now to Express' appeals from the District Court's March 21, 2012, order denying its November 15, 2011, motions for issuance of a final order under Fed.R.Civ.P. 58 or relief from such order under Fed R. Civ. P. 60.[11]

As explained above, a final order consistent with the requirements of Rule 58 was entered on September 1, 2011.  The District Court therefore properly denied the Rule 58 motion requesting that it issue such an order.

The District Court likewise did not err in dismissing Express' Rule 60 motion.  It is well established that Rule 60 is not a proper vehicle for extending the time to file an appeal that has been rendered untimely by the expiration of the thirty-day time window provided by Rule 4(a).  *See West v. Keve,* 721 F.2d 91, 96 (3d Cir.1983) ("[T]he courts of appeals who have addressed this question have uniformly held that the albeit harsh time constraints of Rule 4(a) must control and that Rule 60(b) cannot be used as a means of avoiding dismissal for want of a timely appeal."). *See also Bowles,* 551 U.S. at 206–07, 127 S.Ct. 2360 (District Court lacks authority to extend time for appeal beyond constraints of Rule 4(a)).

Within the strictures of Rule 4(a), there is room to extend the time for appeal to accommodate Rule 60 motions.  Fed R.App. P. 4(a)(4)(A)(vi) provides that, if a Rule 60 motion "is filed no later than 28 days after the judgment is entered," the time to appeal does not begin to run until the District Court enters an order disposing of the motion.  In the present case, however, the Rule 60 motion was not filed until November 15, 2011, well over twenty-eight days after the District Court's judgment of September 1.

### V

We therefore will dismiss for lack of appellate jurisdiction Express' appeals from the District Court's summary judgment order and order on the pleading motion.  We will affirm the order of the

---

**10.** The final order in this case was entered on September 1, 2011.  Due to the weekend, Express had until October 3, 2011, to file its appeal within time.

**11.** We have jurisdiction pursuant to 28 U.S.C. § 1291.

District Court which denied Express' motions brought under Rules 58 and 60.